STATE OF VERMONT *v.* RONALD J. WATSON.

May Term, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1946.

*R. Clarke Smith* and *Robinson E. Keyes* for the respondent.

*Alban J. Parker,* Attorney General, and *Edward G. McClallen, Jr.,* State's Attorney, for the State.

JEFFORDS, J. The respondent has brought this case before us on exceptions following his conviction of the crime of murder in the first degree. The deceased was Henry C. Teelon a resident at the time of his death of the City of Rutland.

The first question relates to an exception taken to the denial of a motion for change of venue. This motion was brought under P. L. § 2353 which reads as follows:

> "When a person is under information or indictment for an offense punishable by death or imprisonment in the state's prison, the respondent or the state's attorney of the county where the prosecution is pending, may apply to a superior judge, petitioning that the trial of such respondent be removed to and had in another county."

By P. L. § 2355 it is provided that "the judge to whom the application is preferred, may, in his discretion, by an order in writing, direct that the trial of such respondent be removed to and had in some other county named."

The petition alleged that by reason of the favorable reputation of Teelon, the wide and unfavorable publicity given to the manner of his death and to a certain alleged confession of the petitioner, throughout the city and county of Rutland, and the widespread public discussion and animosity against the petitioner which now exists and will continue to exist among the inhabitants of the city or county of Rutland, a fair and impartial trial cannot be had in the county of Rutland.

The petition was supported by the affidavit of counsel for the petitioner. The affidavit set forth, in substance, that all the details relating to the death of Teelon and the petitioner's connection with it, including an alleged confession by Watson, have received wide and extensive publicity in the Rutland Herald, a daily newspaper published in the City of Rutland and having a wide circulation throughout that city and vicinity. That since his assignment as counsel for Watson the deponent has discussed the case extensively with a large number of residents of Rutland and vicinity and that by reason of the wide publicity given the case he has found a unanimous conviction of opinion on the part of those with whom he has talked of the guilt of Watson and that by reason of such publicity and the personal popularity of Teelon he has found a widespread and profound conviction that Watson should receive the maximum penalty provided by law.

It is also alleged in the affidavit, upon information and belief, that it will be impossible to secure in Rutland county twelve jurors who have not read of the case and formed an opinion in regard to the same, so as to render it impossible that a fair trial be had in Rutland county.

It is further alleged, upon information and belief, that the trial will be largely attended by persons convinced of the guilt of Watson and the desirability of imposing on him the maximum penalty permitted by law and that this sentiment is bound to be transmitted to the jury, all to the prejudice of Watson to a fair and impartial trial.

The superior judge presiding at the trial to whom the petition was addressed denied the same in the exercise of his discretion and allowed the respondent an exception to his ruling.

In determining whether there has been an abuse of discretion the test is whether the discretion was exercised on grounds or

for reasons clearly untenable, or to an extent clearly unreasonable. *State* v. *Stacy,* 104 Vt 379, 389, 160 A 257, 747.

■ The motion was not verified. No answer or counter affidavit was filed by the State, but this did not oblige the judge to adopt the inferences and opinions contained in the motion, or to treat the allegations as sufficiently proved. He was at liberty to draw his own inferences and reach his own conclusions. The motion itself was not evidence of the matters it recited. *State* v. *Stacy, supra.*

■ The newspaper articles referred to in the affidavit were made a part thereof. An examination of these accounts of the killing of Teelon shows nothing of an inflammatory nature. But newspaper articles, even though denunciatory in character, are not in themselves in the absence of some evidence of the actual existence of a prejudice against the accused, sufficient to require the judge, in the exercise of his discretion, to conclude that a fair and impartial trial cannot be had. *State* v. *Stacy, supra,* at p. 390. *Central Vt. Ry. Co.* v. *Carpenter,* 86 Vt 67, 70, 83 A 466.

■ The allegations in the affidavit to the effect that the deponent has found a unanimous opinion on the part of those persons in the county with whom he has talked that Watson was guilty of the murder of Teelon and should receive the maximum penalty are but mere conclusions or opinions of the deponent. No conversations with any person or persons are set forth or other facts stated to show a basis for the conclusions or opinions set forth in the affidavit, so for this reason, if for none other, the judge was not obliged to adopt them but was at liberty to reject them for lack of evidence. *Central Vt. Ry. Co.* v. *Carpenter, supra,* at pages 70, 71; *Willard* v. *Norcross,* 83 Vt 268, 273, et seq., 75 A 269. See also *State* v. *Stacy, supra,* at page 390 and *Downs* v. *State,* 111 Md 241, 73 A 893, 18 Ann Cas 786.

■ The superior judge was not obliged to treat the allegations in the affidavit made on information and belief as sufficiently proved. They had no force as evidence, and could do no more than raise an issue. *Central Vt. Ry. Co.* v. *Carpenter, supra,* at page 70.

The fact that no answer or counter affidavit was filed does not affect our holdings in respect to the affidavit in question. *Central Vt. Ry. Co.* v. *Carpenter, supra,* at page 69.

Counsel for the respondent in oral argument laid much stress on the confession of Watson in support of his claim of error in respect to the exception under consideration. He argued that this confession, which was excluded by the court because not being voluntarily made, having been given in substance in the newspaper, made it difficult to examine the jurors on their voir dire as it was impossible to examine fully without referring to the confession and asking whether any of the jurors had read it. It seems to us that this claim is unwarranted. Counsel could accomplish his purpose by merely asking the persons who were called to sit on the jury whether they had read newspaper accounts of the crime without referring particularly to the confession contained therein. If an affirmative answer was had other pertinent questions could follow without reference to the confession until counsel was satisfied as to whether or not he should challenge.

It is also claimed that the widely publicized fact of the confession was bound to have come to the attention of those summoned as jurors and to have affected their judgment in the case. This claim must also be rejected. In addition to what we have already said in respect to newspaper articles as affording a ground for a change of venue, an answer to this contention is that counsel for the respondent could, as before noted, ask questions which would cover this situation without referring to the confession and we must assume that the persons queried would truthfully answer such questions.

It should be noted that apparently the apprehension of counsel that a jury could not be had who would fairly and impartially try the respondent was not well founded. It is stated in the brief for the State that the respondent upon examination of prospective jurors exercised only three peremptory challenges out of the six to which he was entitled by virtue of P. L. § 1684. This statement is not denied by the respondent and is borne out by the papers on file in the case which also show that only one person was excused for cause shown.

No abuse of discretion is made to appear. The exception is not sustained.

The next and final exception relates to the admission as an exhibit of a card bearing the finger prints of the respondent. When first offered no circumstances attending the giving of the prints were related and, upon objection, the card was excluded.

Later in the case the police officer who took the prints was recalled as a witness. It appears from his testimony that the prints were taken when the respondent was under arrest and in jail. The officer testified that he asked him (Watson) for his prints "which he gave me." He was then asked: "Did he make any objection to putting his fingers upon the paper after they had been inked?" The reply was "none." On cross examination it was brought out that the officer made no suggestion to the respondent that the prints might possibly be used in the case.

The objections to the admission of the prints were that there was no proper evidence in the case showing that they were given voluntarily with knowledge that they might be used against the respondent and that their admission would violate the respondent's constitutional privilege of not being compelled to give evidence against himself.

The court admitted the card as an exhibit and the respondent was allowed an exception to this ruling.

Counsel for the respondent says that cases having to do with the question of whether certain confessions were voluntary are in point here on the question of whether the finger prints were voluntarily given and relied upon such cases in his brief in an attempt to show that within the meaning of these cases the respondent was compelled to give evidence against himself. Without deciding whether the tests laid down in respect to confessions would apply in every respect to the giving of finger prints, we will adopt the analogy claimed by the respondent in our discussion of the exception under consideration.

The question of whether a confession is voluntary is a preliminary one for the determination of the trial court. *Davis* v. *Raymond*, 103 Vt 195, 198, 152 A 806; *State* v. *Gorham*, 67 Vt 365, 368, 31 A 845. The decision of that court is conclusive unless it appears from the evidence to have been erroneous, or was founded on an error in law. *Capital Garage Co.* v. *Powell*, 97 Vt 204, 210, 122 A 423. In other words unless it can be said as a matter of law that the decision was wrong, it must stand. *State* v. *Long*, 96 Vt 485, 490, 115 A 734, and cases cited.

We may assume, as counsel for the respondent has, that in order to make the finger prints admissible it was necessary for the state to show that they were voluntarily given. Apparently the

trial court was of the same opinion as it excluded the exhibit when first offered with no foundation laid for its admission but later admitted it when the circumstances attending the giving of the prints were testified to, thus impliedly holding that they were voluntarily given.

The evidence shows that no threats or promises were made or given in connection with the taking of the finger prints. Thus so far as the direct evidence relating to the giving of the prints is concerned it is clear that the act of the respondent was purely voluntary.

The respondent, however, relies on certain evidence and circumstances in maintaining that his act was not voluntary. It appears from the evidence that the respondent was twenty years old at the time of the trial but only had the mentality of a child between eight and nine years of age and that he would be classified medically "as probably a high grade moron." The respondent argues that this evidence taken in connection with the fact that the prints were given to a police officer while the respondent was under arrest in jail and without warning that they might be used against him show conclusively that they were not voluntarily given.

■ The mere fact that the person giving a confession is under arrest charged with the crime does not make it inadmissible. *State* v. *Long,* 95 Vt 485, 490, 115 A 734; *State* v. *Bradley,* 67 Vt 465, 472, 32 A 238. Nor is the rule changed because, under these circumstances, the confession was given to an officer in authority. *State* v. *Gorham,* 67 Vt 365, 31 A 845; *Bram* v. *U. S.,* 168 US 532, 18 S Ct 183, 42 L ed 568. See also 20 Am Jur 431, § 498 and page 445 § 520.

■ Neither does the mere fact that the confession was made by the accused who had no counsel and had not been advised as to his rights render it involuntary. *State* v. *Blay,* 77 Vt 56, 59, 58 A 794. See also 20 Am Jur pages 434, 435 and 22 CJS 1441.

■ Finally the mere fact that a person is an infant and of low mentality does not render his confession inadmissible as being involuntary, providing he has the mental capacity to commit the crime with which he is charged. The reason for this rule being that if a child has such mental capacity as to render him amenable to the law for the commission of a crime he has sufficient mental capacity to make a confession of guilt. *Com.* v. *Preece,* 140 Mass 276, 5 NE 494; *Com.* v. *Dillon,* 4 Dall 116, 1 L ed 765; *State* v.

*Aaron,* 4 NJL 231, 7 Am Dec 592; *Martin* v. *State,* 90 Ala 602, 8 So 858, 24 Am St Rep 844; *State* v. *Guild,* 10 NJL 163, 6 Halstead 163, 18 Am Dec 404; *Carr* v. *State,* 24 Tex Appeals 562, 5 Am St Rep 905; Annotation, Ann Cas 1912 C 1063; 20 Am Jur 447, § 522; 22 CJS 1452 § 829.

The uncontradicted evidence in the case was to the effect that the respondent on the date of the murder was not insane and had sufficient mentality to comprehend the quality and character of his acts and to resist the doing of a wrongful act. This is substantially the test to be applied in determining whether a person over the age of seven has sufficient capacity to commit a crime. *State* v. *Kelsie,* 93 Vt 450, 452, 108 A 391.

The same rules respecting the admission of a confession of an adult apply in the case of a child provided, of course, that the infant has the required mental capacity to stand trial, 20 Am Jur 448.

As we have seen, the evidence bearing directly on the taking of the finger prints shows that they were voluntarily given and the court so found. No doubt in making this implied finding the court took into consideration the various facts and circumstances relied on by the respondent and heretofore set forth and treated in this opinion. There being no evidence of threats or promises or other course of conduct on the part of the officer in the way of inducing the respondent to give his prints which might tend to show that they were not voluntarily given, we cannot say, as a matter of law, that the decision of the trial court on the preliminary question here under discussion was wrong. *State* v. *Gorham,* 67 Vt 365, 367, 31 A 845. See also generally the authorities heretofore cited in our discussion of the various facts and circumstances relied on by the respondent in support of his claim that the prints were not voluntarily given.

In view of our above holdings in respect to the second exception, it is unnecessary to determine or to discuss the question of whether the involuntary taking of finger prints of one accused of a crime would violate the rights secured to him by Article 10, chapter 1 of our state constitution and by the 5th amendment to the federal constitution.

*Judgment that there is no error, and that the respondent takes nothing by his exceptions. Let sentence pass and execution be done.*