STATE v. ROBERT G. WILSON.
AND
STATE v. CHARLES HENRY POOLE ALIAS JULIUS SECHREST.

(Filed 2 June, 1965.)

**1. Indictment and Warrant § 17—**

Discrepancies in the name used in referring to the occupant of the building and the owner of the chattels stolen will not justify nonsuit for variance when it is apparent that all witnesses were talking about the same corporate person.

**2. Criminal Law § 101—**

Circumstantial evidence as to defendants' identity as the perpetrators of the offense charged, *held* sufficient to overrule nonsuit.

**3. Larceny § 1—**

Since larceny by breaking and entering a building is a felony, without regard to the value of the stolen property, the admission of evidence in regard to the value of the property cannot be prejudicial.

**4. Criminal Law § 164—**

Where concurrent sentences are imposed, error relating to one count alone is not prejudicial.

APPEALS by Robert G. Wilson and Charles Henry Poole, alias Julius Sechrest, from *Mallard, J.,* November 30, 1964 Session of CHATHAM.

Robert G. Wilson (appellant), Charles Henry Poole alias Julius Sechrest (appellant), Peggy Ann Lineberry and James Luther Pruitt were indicted jointly in a bill containing two counts, to wit: First, feloniously breaking and entering a certain building occupied by B. M. Hancock & Son, a corporation; second, larceny of chattels of said corporation of the value of $750.00.

The court, in accordance with G.S. 15-4.1, appointed an attorney for each defendant; and each defendant was represented at trial by court-appointed counsel.

The only evidence was that offered by the State. Defendant Lineberry's motion for judgment as of nonsuit was allowed. Separate motions for judgment as of nonsuit in behalf of each of defendants Wilson (appellant), Poole (appellant) and Pruitt were denied.

The record contains no further reference to defendant Pruitt.

As to each appellant, the jury returned verdicts of guilty as charged in the first and second counts of the bill of indictment; and, as to each defendant, the court pronounced a separate judgment as to each count, to wit, a judgment that appellant be confined in the State's Prison for not less than seven nor more than ten years.

Each appellant, through his separate court-appointed counsel, excepted and appealed; and, incident to such appeal, Judge Mallard ordered that Chatham County pay for a transcript of the evidence and the cost of printing the brief filed in behalf of each appellant.

*Attorney General Bruton and Assistant Attorney General Barbee for the State.*
*Edward S. Holmes for defendant appellant Wilson.*
*B. C. Smith for defendant appellant Poole.*

PER CURIAM. A separate brief was filed in behalf of each appellant by his court-appointed counsel.

Each appellant contends his motion for judgment as of nonsuit should have been allowed on two grounds, (1) a fatal variance between the indictment and the evidence, and (2) insufficiency of the evidence.

The indictment refers to the building occupied by and to chattels of "one B. M. Hancock & Son, a corporation." The corporation's president and general manager refers to the occupant of the building and the owner of the chattels therein as "B. M. Hancock & Son's Feed Mill, Inc." and also as "B. M. Hancock & Son, Inc." Other witnesses, referring to the identical building and the owner of the chattels therein, speak variously of "B. M. Hancock & Son's," "B. M. Hancock & Son," "B. M. Hancock & Son's Feed Mill," "B. M. Hancock's Feed Mill," "B. M. Hancock's Mill," and "B. M. Hancock." During the trial, no attempt was made to stress or identify the precise corporate name. The various names indicated were used interchangeably to identify the occupant of the building and the owner of the chattels therein. As stated by Winborne, C. J., in *S. v. Wyatt*, 254 N.C. 220, 118 S.E. 2d 420: "It is apparent that all the witnesses were talking about the same thing." The variance was not fatal and did not require a nonsuit. *S. v. Wyatt, supra; S. v. Davis*, 253 N.C. 224, 226, 116 S.E. 2d 381; *S. v. Whitley*, 208 N.C. 661, 182 S.E. 338.

There was plenary evidence of a felonious breaking and entering of said corporation's office building on the night of Tuesday, July 7, 1964, and that said corporation's check-writing machine and filing cabinet, referred to in the bill of indictment, were stolen therefrom. The break-in was discovered and later that night the four persons named in the joint indictment were arrested.

The State relied upon circumstantial evidence to identify appellants as persons who committed the crimes charged in the two-count bill of indictment. After careful examination thereof in the light of the rule stated in *S. v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431, and subsequent cases in accord therewith, the conclusion reached is that the evidence, when considered in the light most favorable to the State, *S. v. Orr*, 260 N.C. 177, 179, 132 S.E. 2d 334, was sufficient to require submission to the jury and to support the verdict as to each appellant.

With reference to assignments of error based on exceptions to the failure to strike certain evidence as to the value of the check-writing machine and filing cabinet, it is noted: Under G.S. 14-72, as amended in 1959 (S.L. 1959, c. 1285), larceny by breaking and entering a building referred to therein is a felony without regard to the value of the stolen property. *S. v. Cooper*, 256 N.C. 372, 378, 124 S.E. 2d 91; *S. v. Jones*, 264 N.C. 134, 137, 141 S.E. 2d 27. Moreover, since the two sentences run concurrently, error, if any with reference to the second (larceny) count was not prejudicial to appellants. *S. v. Vines*, 262 N.C. 747, 749, 138 S.E. 2d 630, and cases cited.

All assignments of error of each appellant, including those based on exceptions to evidence rulings and to portions of the charge, have been

considered. In our opinion, they do not disclose prejudicial error and particular discussion thereof is deemed unnecessary.

No error.