STATE v. DARRELL GRAY STUBBS.

(Filed 14 January, 1966.)

**1. Criminal Law § 71—**

A confession is presumed voluntary and competent, and if defendant does not object to the admission in evidence of testimony of incriminating statements made by him, there is no occasion for findings upon a *voir dire* to determine voluntariness.

**2. Burglary and Unlawful Breakings and Enterings § 5—**

In charging .the law applicable to breaking and entering or entering with intent to commit a felony, it is not required that the court charge that the breaking and entering must be unlawful, since a breaking and entering with intent to commit a felony is perforce unlawful.

**3. Larceny § 8—**

Where defendant is tried for breaking and entering and larceny, it is not required that the court charge that the value of the goods must ex-

ceed $200 in order to convict defendant of the felony, since larceny by breaking and entering a building is a felony without regard to the value of the property stolen.

BOBBITT, J., dissenting in part.

APPEAL by defendant from *Bickett, J.,* June 1965 Mixed Session of COLUMBUS.

The defendant was represented in the trial below by his court-appointed counsel, Richard E. Weaver. The court appointed his present counsel to perfect this appeal.

The defendant was tried upon a bill of indictment charging, in the first count, that "Darrell Gray Stubbs * * * on the 26th day of November, A.D. 1963 with force and arms at and in the County aforesaid, a certain storehouse, * * * occupied by one Leder Brothers, Inc., wherein merchandise, chattels, money, valuable securities were and were being well kept, unlawfully, wilfully and feloniously did break and enter with intent to steal, take, and carry away the merchandise, chattels, money * * * of the said Leder Brothers, Inc." *et cetera.* The second count in the bill charged that the defendant "on the 26th day of November * * * 1963, * * * did unlawfully, wilfully, and feloniously steal, take, and carry away * * * (certain enumerated items of clothing) and $24.45 in money of the value of $359.19, of the goods, chattels and moneys of one Leder Brothers, Inc., then and there being found feloniously did steal, take and carry away," *et cetera.*

There was a third count in the bill of indictment charging receiving, but the count with respect to receiving was not submitted to the jury.

The State's evidence tends to show that on the morning of 26 November 1963, Stanley E. Shearin, an employee of Leder Brothers, Inc., of Whiteville, North Carolina, arrived at work and found certain merchandise in disorder. Upon making an inventory, certain items of merchandise and $25.45 in cash were found to be missing. Mr. Shearin testified that the value of the property taken was $648.00 at retail price.

Mr. Wade L. White, Chief of Police of the Town of Whiteville, investigated the breaking and entering and secured a list of the merchandise missing from Leder Brothers, Inc. Upon an examination of the building, he found the skylight on the roof had "been pulled away and left open"; there was a hole in the lowered ceiling of the second floor of the store, and "scuff marks down the length of the wall," under the hole. On the following Sunday, Mr. White learned that the defendant and a companion had been apprehended in Dillon, South Carolina. Mr. White, Mr. Shearin, and

Mr. Horace Shaw of the Columbus County Bureau of Identification, went to the Dillon County Sheriff's Department where they talked with the defendant. Mr. White testified that defendant Darrell Gray Stubbs told them that, as planned, he and Jerry Kelly Russ went to Leder Brothers Department Store and that Jerry Kelly Russ climbed the back of the building and got on top of the roof and went into Leder Brothers Department Store, and that he waited outside the building; that Jerry Kelly Russ opened a firewall door from the inside at the back of the building and handed the merchandise out to him; that they got some money and divided the money and spent it; that they divided the clothing and went to Dillon, South Carolina, where a Highway Patrolman stopped them and they ran. Mr. White testified further that defendant said the clothes he was wearing, including a pair of Florsheim shoes, a sweater, and a sport coat, all came from the store of Leder Brothers; that he would show them where the rest of the merchandise was hidden in North Carolina, or at least the remainder of his part of the merchandise. Defendant said that he wanted to return to North Carolina with them and that he would show them where the merchandise was; that he directed them to a place about a mile from Clarkton, North Carolina, near his brother's home, and the defendant located the merchandise under some pine straw in a thicket, which merchandise was in a plastic bag. Defendant told them this was the balance of his part of the merchandise that came from Leder Brothers Store in Whiteville. This testimony was corroborated by several other State's witnesses.

Defendant was not placed under arrest until after his return to North Carolina.

Defendant did not testify but called as a witness Jerry Kelly Russ who testified that he committed the crime of breaking and entering the Leder Brothers Store on the occasion involved and that Stubbs was not present but that he gave Stubbs the clothing he had but that Stubbs did not know the clothing had been stolen.

The State offered evidence tending to impeach the testimony of the witness Russ. The State's witness testified that Russ had previously told him that on the occasion involved he forcibly entered the store of Leder Brothers through the skylight while Darrell Gray Stubbs was there present and watching, as planned.

The jury returned "a verdict of guilty as charged in the first count for the offense of breaking and entering; as to the second count of larceny, the jury returned a verdict of guilty as charged."

From the judgments imposed, the defendant appeals, assigning error.

*John A. Dwyer for defendant.*

*Attorney General Bruton, Staff Attorney Andrew A. Vanore, Jr., for the State.*

DENNY, C.J.   The appellant sets out eighteen assignments of error in his case on appeal. However, none of these assignments are brought forward in his brief and argued, or authority cited in support thereof, as required by Rule 28 of the Rules of Practice in the Supreme Court, 254 N.C. 810.

The defendant concedes that if the statements made by him to the State's witnesses were properly admitted, the evidence was sufficient to withstand the defendant's motion for judgment as of nonsuit, interposed at the close of the State's evidence and renewed at the close of all the evidence.

The defendant contends, however, that the court below committed error in allowing witnesses to testify as to the statements made by the defendant in the absence of a showing that such statements were made voluntarily. The evidence with respect to the statements made by the defendant were admitted without objection.

As a general rule, a confession is presumed to be voluntary, and the burden is on the accused to show to the contrary. *S. v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193; *S. v. Grass,* 223 N.C. 31, 25 S.E. 2d 193; *S. v. Richardson,* 216 N.C. 304, 4 S.E. 2d 852. Likewise, in 20 Am. Jur., Evidence, § 536, page 456, it is said: "In a majority of the jurisdictions a confession is presumed to be, or is regarded as *prima facie,* voluntary and, hence, if not objected to by the defendant, should be admitted in evidence by the court, unless there is something in the confession which indicates its inadmissibility. * * * *"

The defendant's contention is without merit.

The appellant further argues and contends in his brief that the court committed error in its charge to the jury in defining "breaking and entering." However, the appellant does not set out any part of the charge with an exception entered thereto, as required by the Rules of this Court, in challenging the correctness of the charge. Even so, the alleged error argued in the brief is that, in charging on breaking and entering, the court failed to charge that the breaking had to be "unlawful" or "wrongful." The court, after reading the pertinent provisions of G.S. 14-54, and charging with respect thereto on breaking and entering, then stated:

> "So, on the first count contained in the Bill of Indictment, that is the count of breaking and entering, if the State has satisfied you from the evidence and beyond a reasonable doubt

that on or about the 26th day of November, 1963, the defendant Darrell Gray Stubbs broke and entered or aided and abetted and assisted in the breaking and entering of Leder Brothers, Inc., building here, and further satisfied you from the evidence and beyond a reasonable doubt that valuable securities were in said building, and that he * * * intentionally broke and entered with the intent to commit the felony of larceny, that is to take, steal, and carry away the personal property of Leder Brothers kept in said building, and further, with the felonious intent to permanently deprive Leder Brothers of its personal property and convert it to his, that is Mr. Stubbs' own use or the use of some other person not entitled thereto, then it will be your duty to return a verdict of guilty as charged in the first count in the Bill of Indictment."

If one breaks and enters or enters with intent to commit a felony, he does so unlawfully, and the contentions of the defendant are without merit.

The appellant states in his brief that the bill of indictment charges defendant in the second count with the stealing of merchandise in excess of the value of $200.00; that the indictment does not charge defendant with larceny by breaking and entering, although, he states, "it is agreed, that the evidence tended to show, that if any act of larceny was committed at all by the defendant, that it was committed by breaking and entering." Even so, he contends it was error not to charge the jury that it must find the value of the merchandise taken to be in excess of $200.00 before the jury could convict the defendant of a felony on the second count. We do not agree with this contention under the facts disclosed by the record. Larceny by breaking and entering a building, referred to in the bill of indictment, is a felony without regard to the value of the stolen property. *S. v. Brown*, 266 N.C. 55, 145 S.E. 2d 297; *S. v. Wilson*, 264 N.C. 595, 142 S.E. 2d 180; *S. v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91. The bill of indictment charged that the defendant stole property from Leder Brothers, Inc., of the value of $359.19. The jury returned a verdict of guilty as charged on both counts in the bill of indictment.

In our opinion, the defendant has had a fair trial, free from prejudicial error, and the verdict and judgments entered below will be upheld.

No error.

BOBBITT, J., dissenting in part: There was a separate judgment on each count. As to the first count, the judgment imposed a

prison sentence of not less than seven nor more than ten years. As to the second count, the judgment imposed a prison sentence of not less than three nor more than five years, this sentence to begin upon expiration of the sentence on the first count.

My dissent relates solely to the second count.

If an indictment charges the larceny of property of a value in excess of $200.00 but fails to charge the larceny was accomplished by breaking *and* entering one of the buildings described in G.S. 14-72, "it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than $200.00; and, this being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury." *S. v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91.

My views are more fully stated in the concurring opinion in *S. v. Brown*, 266 N.C. 55, 62, 145 S.E. 2d 297, and cases cited therein.

Here, as to the second (larceny) count, the judge did not so instruct the jury; and, for error in failing to so charge, defendant, in my opinion, is entitled to a new trial as to the second (larceny) count.