STATE OF NORTH CAROLINA v. JOHN HORTON VICKERS
No. 739

(Filed 9 October 1968)

1. **Criminal Law § 74— applicability of Miranda v. Arizona**
   *Miranda v. Arizona,* 384 U.S. 436, is not applicable to a trial begun prior to 13 June 1966.

2. **Criminal Law § 75— admissions while under arrest**
   Admissions to police officers are not rendered incompetent solely because defendant was under arrest when they were made.

3. **Criminal Law § 75— admissibility of extra-judicial confession**
   An extra-judicial confession is admissible against a defendant only when it was, in fact, voluntarily and understandingly made.

4. **Criminal Law §§ 75, 76— general objection to admission of confession**
   A general objection is sufficient to challenge the admissibility of a confession.

5. **Criminal Law § 76— objection to admission of confession — necessity for voir dire hearing as to voluntariness**
   When the State offers an admission or confession in a criminal trial and the defendant interposes a general or specific objection, the trial judge must determine the voluntariness of the admission or confession by a preliminary inquiry in the absence of the jury, and his failure to do so constitutes prejudicial error requiring a new trial.

PARKER, J., dissenting.

APPEAL by defendant from *Johnson, J.,* 19 February 1965 Criminal Session of DURHAM.

Defendant was tried upon a bill of indictment charging him with the crime of armed robbery.

The State offered testimony of Murphy Jerome Durham, an employee of Tar Heel Cab Company, who testified in substance as follows: On 21 September 1964, at approximately 2:00 o'clock, defendant entered the cab operated by Durham, stating that he wanted to go to Carrboro. After several stops, including Carrboro, defendant told the witness that he would direct him to defendant's home. After they had driven some miles on Highway 54, defendant pulled a butcher knife from somewhere below the seat and held the point to Durham's right side and took some $15.00 in cash from him. Defendant then directed him to drive back to the old Chapel Hill Road. When they were near a service station, Durham stopped the cab and ran. Defendant took the cab and left. Durham called the Sheriff's office, and he later saw the cab in a ditch near the Veterans Administration Hospital in the City of Durham. Defendant was in custody

of the Sheriff at that time. The witness further stated that defendant cut the wires to his cab microphone and that "At times defendant appeared to be in his right mind and at others he did not."

W. W. Ray, a police officer for the City of Durham, in pertinent part, testified: That he first saw defendant on Erwin Road in Durham and followed him until he saw the cab driven by defendant strike the automobile driven by Deputy Sheriff Hall. Defendant was taken in custody and placed in the rear of Sheriff Hall's car.

Sheriff L. Y. Hall testified that after defendant had been placed in custody, he took defendant to Durham County Jail. Thereafter, according to the record, the following occurred:

"Q. What, if anything, did he tell you the next day?

A. The same thing Mr. Watson just told that —

OBJECTION        OVERRULED        EXCEPTION No. 2.

A. That he had been drinking beer all the weekend, that he went to the job Monday morning and his boss did not need him and two other fellows that was with him and he went — he had seven dollars and something and after 7:30 he started drinking beer and he had drank beer until he got into the cab that day, and that he bought six cans of beer and picked·up a knife in a store and he remembered cutting the mike but he did not remember robbing Mr. Vickers, (sic) and he threw the knife away but he did not know where."

L. R. Watson, a Deputy Sheriff of Durham County, also testified over objection as to the statement made by defendant. His testimony concerning this statement was, in essence, the same as that of Sheriff Hall.

Defendant offered evidence tending to show that he had been in mental hospitals on several occasions and that prior to 21 September 1964 he "was at times sane and other times he appeared to be insane."

Defendant also offered the following exhibits into evidence: Exhibit No. 2, a photostatic copy obtained from the Clerk of Court's office of an "Affidavit to Procure Admission for Mental Illness or Inebracy," Exhibit No. 3, a "General Discharge of John Horton Vickers from the United States Navy dated August 23, 1957," Exhibit No. 5, a "Judgment and Order in case No. 9180." The record shows no certification or authentication of the offered exhibits. The court sustained the State's objections to each of these exhibits.

The State in rebuttal offered testimony of Dr. Walter Sykes, a

qualified expert in the field of psychiatry. Dr. Sykes testified: "That he had examined the defendant and that the examination and evaluation covered a period of 62 days. That in his opinion the defendant was competent to stand trial and to understand the charges against him. That the defendant was a psychopathic personality but was not insane."

The jury returned a verdict of guilty as charged. From judgment imposed, defendant appealed. The appeal was withdrawn at the April 1965 Criminal Session of Durham. On 30 April 1968 this Court allowed defendant's petition for certiorari to the end that he might perfect his appeal.

*Attorney General Bruton and Deputy Attorney General Bullock for the State.*

*H. M. Michaux, Jr., for defendant.*

BRANCH, J.

Defendant's statements made to police officers while in custody were inculpatory since they placed him at the scene of the crime and placed in his possession the weapon described by the State's chief witness as having been used in the perpetration of the robbery. Upon the defendant's objection to the introduction of the statements, the trial judge simply overruled the objection and did not hold a voir dire hearing to determine the voluntariness of defendant's statements.

[1, 2]    The case of *Miranda v. Arizona,* 384 U.S. 436, is not applicable to the instant case since trial of this case had begun prior to 13 June 1966. *Johnson v. New Jersey,* 384 U.S. 719. Further, the otherwise silent record as to the surrounding circumstances under which defendant made the admissions reveal only that defendant made the admissions or confession while he was in custody and being questioned by police officers. The admissions to police officers, if any, would not be rendered incompetent solely because defendant was under arrest when they were made. *State v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84; *State v. Thompson,* 224 N.C. 661, 32 S.E. 2d 24.

[3]    The rule that an extra-judicial confession is admissible against a defendant when, and only when, it was, in fact, voluntarily and understandingly made has long been recognized and approved in this jurisdiction. *State v. Roberts,* 12 N.C. 259; *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572; *State v. Moore,* 210 N.C. 686, 188 S.E. 421.

[4]    We must first consider whether defendant's general objection

sufficiently challenged the admissibility of the confession so as to require a preliminary inquiry to determine its admissibility.

In the case of State v. Rogers, supra, we find the following statement:

"When the admissibility of a confession is challenged *on the ground that it was induced by improper means,* the trial court is required to determine the question of fact whether it was or was not voluntary before he permits it to go to the jury." (Emphasis ours)

The italicized portion of the statement above quoted might be interpreted to require a specific objection stating the particular grounds for objection.

We also find in 29 Am. Jur. 2d, Evidence § 583, p. 640, the following:

"While there is some authority to the effect that it is the duty of the trial court, in the absence of objection by the defendant, to conduct an inquiry into the admissibility of a confession, it is more generally held that a defendant in a criminal case who objects to the introduction in evidence of a confession by him, on the ground that it was involuntary, should make a timely offer of evidence showing the incompetency of the confession, or should request that a preliminary investigation of the matter be made, which offer or request should be made before the court rules on the evidence offered. Where no proper and timely objection to the voluntariness of a confession is made, or no request is made for an examination as to its voluntariness, no preliminary examination or hearing is required with respect to such question, and the defendant cannot, upon an appeal, raise the issue that the court erred in failing to conduct such a preliminary examination."

The Louisiana Court held in State v. Perry, 51 La. Ann. 1074, 25 So. 944, that the objection was properly overruled where the defendant objected to inculpatory statements alleged to have been made by him, on the ground that proper foundation had not been laid when he declined to state wherein the defect lay upon inquiry by the court.

A rule that interposition of a general objection is not sufficient to challenge admission of a confession was adopted by the Mississippi Court in Jackson v. State, 163 Miss. 235, 140 So. 683. However, Alabama (Bradford v. State, 104 Ala. 68, 16 So. 107) and Florida (Bates v. State, 78 Fla. 672, 84 So. 373) adopt the view that a specific ob-

jection is not necessary if the objection is so stated as to call the trial court's attention to the matter.

We do not think the rule quoted above from American Jurisprudence nor the rule adopted by the Mississippi and Louisiana Courts, and possibly alluded to in *State v. Rogers, supra,* is sustained by the better reasoning or the weight of authority in this jurisdiction.

This Court, speaking through Higgins, J., in *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344, said: "When a confession is offered in evidence and *challenged by objection,* the court, in the absence of the jury, should determine whether the confession was free and voluntary." (Emphasis ours) This language has been approved in the cases of *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1; *State v. Ross,* 269 N.C. 739, 153 S.E. 2d 469; *State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511.

Here, defendant's general objection made it clear that he challenged the admission of the confession because of its involuntary character. This Court has always jealously protected defendants' rights as to admissions and confessions, and it will not in this instance allow such rights to be impaired by a rule which requires a specific objection when a general objection clearly calls the matter to the trial court's attention so as to challenge the involuntary nature of the confession or admission. We hold that defendant's general objection was sufficient to challenge the admission of the proffered confession.

[5] Since we hold that defendant's objection was sufficient to challenge the voluntariness of the alleged confession, it becomes necessary that we examine recent decisions concerning admission of confessions when challenged by defendant.

In the case of *State v. Painter,* 265 N.C. 277, 144 S.E. 2d 6, defendant was charged with forgery and issuing a forged instrument. The evidence in part revealed that defendant asked to talk with an F. B. I. agent. He was taken to a conference room and there was told of his right to representation by an attorney, right to remain silent, and that anything he said might be used against him. He thereupon made a statement which was offered into evidence. When the statement was offered, defendant's counsel objected on the ground that the alleged confession was procured under coercion and under such circumstances that his constitutional rights were violated. Defendant made no request for voir dire hearing, nor did he request that he be allowed to offer testimony as to the voluntariness of his confession. The judge made no finding of fact concerning the competency of the confession, but merely overruled defendant's objec-

tion. The Court cited *State v. Litteral, supra,* and quoted from it the following:

> "While it is the better practice for a judge on a voir dire respecting an alleged confession to make his finding as to the voluntariness thereof and enter it in the record, a failure so to do is not fatal. Voluntariness is the test of admissibility, and this is for the judge to decide. His ruling that the evidence was competent of necessity was bottomed on the conclusion that the confession was voluntary."

The Court further stated that "Such a 'conclusion the confession was voluntary' is supported by all the evidence in the case, and there is nothing in this record upon which a contrary conclusion could be based."

The case of *State v. Litteral* differs from *Painter* in that the defendant Litteral signed a statement in the nature of a confession which was admitted into evidence against him *without objection,* and when a written statement was offered against the defendant Bell, the court, of its own motion, had the jury retire and conducted a voir dire hearing. *Painter* differs from instant case in that there is plenary evidence of circumstances attendant to the confession in *Painter* while the record in instant case is virtually silent concerning circumstances surrounding the admissions or confession.

In the case of *State v. Stubbs,* 266 N.C. 274, 145 S.E. 2d 896, the defendant contended that the trial court committed error in allowing witnesses to testify to statements made by the defendant in the absence of showing that such statements were voluntarily made. The statements made by the defendant were admitted without objection at the trial. This Court, holding that there was no merit in this contention, stated: "As a general rule a confession is presumed to be voluntary, and the burden is on the accused to show to the contrary. *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193; *State v. Grass,* 223 N.C. 31, 25 S.E. 2d 193; *State v. Richardson,* 216 N.C. 304, 4 S.E. 2d 852." The Court then quoted from 20 Am. Jur., Evidence, § 536, p. 456, as follows: "'In a majority of the jurisdictions a confession is presumed to be, or is regarded as prima facie, voluntary and, hence, if not objected to by the defendant, should be admitted in evidence by the court, unless there is something in the confession which indicates its inadmissibility.' . . ." This case is factually distinguishable from the instant case in that in *Stubbs* the evidence as to the confession was admitted without objection.

While the case of *State v. Painter, supra,* holds that upon objection failure to conduct a voir dire hearing in the absence of the

jury as to the voluntariness of the defendant's confession is not fatal error, it recognizes that the holding of such hearing is the better practice. Further, a long line of recent cases in this jurisdiction state that the better practice requires the trial judge, upon objection, to excuse the jury and in the absence of the jury hear the evidence of both the State and the defendant upon the question of whether defendant, if he made an admission or confession, voluntarily and understandingly made the admission or confession. *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22; *State v. Bishop, supra; State v. Ross, supra; State v. Barber,* 268 N.C. 509, 151 S.E. 2d 51; *State v. Gray, supra; State v. Barnes, supra; State v. Outing,* 255 N.C. 468, 121 S.E. 2d 847; *State v. Davis,* 253 N.C. 86, 116 S.E. 2d 365.

The procedure approved in this line of decisions places North Carolina in the category of the Wigmore or "orthodox" rule, which has been approved by the United States Supreme Court in *Jackson v. Denno,* 378 U.S. 368. In essence, the holding in *Jackson v. Denno* is that in determining the voluntariness of a confession as between court and jury the only procedure meeting the due process requirement is one in which the judge, or a jury convened for that sole purpose, determines the voluntariness of the confession upon a consideration of all the pertinent evidence before it is submitted to the jury deciding the defendant's innocence or guilt.

The North Carolina cases represented by *State v. Barnes, supra,* and *State v. Gray, supra,* approved the procedure required in *Jackson v. Denno* long before its decision. These North Carolina cases which approve and adopt procedure requiring a preliminary inquiry in the absence of the jury as to the admissibility of a defendant's admissions or confession are well buttressed by logic and decision.

Ervin, J., speaking for the Court in the case of *State v. Hamer, supra,* stated:

> "We accept as valid the definition of Dean Wigmore, the great master of the law of evidence, that 'a confession is an acknowledgment in express words, by the accused in a criminal case, of the truth of the guilty fact charged or of some essential part of it.' Wigmore on Evidence (3rd Ed., 1940) Section 821."

The condemning and conclusive weight of admissions or confessions makes it necessary that the courts carefully guard a defendant's rights when admissions or a confession are offered into evidence.

In the case of *State v. Barber, supra,* Bobbitt, J., speaking for the Court, clearly stated legal principles pertinent to decision of instant case, as:

"1. 'When the State offers a confession in a criminal trial and the defendant objects on the ground it was not voluntary, the question thus raised is determined by the judge in a preliminary inquiry *in the absence of the jury* . . . The trial judge hears the evidence, observes the demeanor of the witnesses and resolves the question.' *State v. Outing,* 255 N.C. 468, 472, 121 S.E. 2d 847, 849; cert. den., 369 U.S. 807, 7 L. Ed. 2d 555, 82 S. Ct. 652. Accord: *S. v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344; *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

"2. 'In the establishment of a factual background by which to determine whether a confession meets the test of admissibility, the trial court must make the findings of fact. . . . Of course, the conclusions of law to be drawn from the facts found are not binding on the reviewing courts.' *S. v. Barnes, supra,* opinion by Higgins, J. This legal principle underlies the decision in *S. v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569.

"3. These findings of fact are made only for one purpose, namely, to show the basis for the judge's decision as to the admissibility of the proffered testimony. They are not for consideration by the jury. They should not be made or referred to in the jury's presence. *S. v. Walker,* 266 N.C. 269, 145 S.E. 2d 833.

"4. 'If the judge determines the proffered testimony is admissible, the jury is recalled, the objection to the admission of the testimony is overruled, and the testimony is received in evidence for consideration by the jury. If admitted in evidence, it is for the jury to determine whether the statements referred to in the testimony of the witness were in fact made by the defendant and the weight, if any, to be given such statements if made. Hence, evidence as to the circumstances under which the statements attributed to defendant were made may be offered or elicited on cross-examination in the presence of the jury. Admissibility is for determination by the judge unassisted by the jury. Credibility and weight are for determination by the jury unassisted by the judge.' *S. v. Walker, supra.*"

For more than one hundred years this Court has recognized that "it is the duty of the judge to decide the facts upon which depends the admissibility of testimony; he cannot put upon others the decision of a matter, whether of law or of fact, which he himself is bound to make." *State v. Andrew,* 61 N.C. 205. The requirement now recognized in North Carolina that there should be a preliminary investigation in the absence of the jury to determine the voluntariness of confessions is demanded because of the conclusive nature of a

confession. A trial jury's deliberations should not be infected by forcing a defendant to fight out his objection as to admissibility of an alleged confession in the presence of the jury. Even though the trial court might, after a hearing in the presence of the jury, rule out the confession as being involuntary and instruct the jury not to consider it in determining the innocence or guilt of a defendant, yet it must, in most cases, be prejudicial against the defendant.

For a long period of time North Carolina has remained squarely within the rule that a confession is presumed to be voluntary until the contrary appears (*State v. Mays*, 225 N.C. 486, 35 S.E. 2d 494; *State v. Rogers, supra; State v. Stubbs, supra*), and that when a confession is offered into evidence the burden is on defendant to show the contrary. *State v. Hamer, supra; State v. Biggs*, 224 N.C. 23, 29 S.E. 2d 121; *State v. Stubbs, supra*. However, it becomes evident from the authorities herein cited that when an alleged confession is challenged by objection the necessity for a voir dire hearing in the absence of the jury is no longer controlled by these principles.

See 3 Wigmore, 3d Ed., § 860, 1964 Pocket Supplement, for full note and cites as to modern trend in other jurisdictions.

[5]  We hold that hereafter when the State offers a confession in a criminal trial and the defendant objects, the trial judge shall determine the voluntariness of the admissions or confession by a preliminary inquiry in the absence of the jury.

We do not deem it necessary to consider defendant's other assignments of error.

There must be a new trial consistent with the holdings herein.

New trial.

PARKER, C.J., dissenting:

It is now hornbook law that a defendant in a criminal action is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession. *S. v. Crawford*, 260 N.C. 548, 133 S.E. 2d 232, *S. v. Davis*, 253 N.C. 86, 116 S.E. 2d 365; *S. v. Roberts*, 12 N.C. 259; *Jackson v. Denno*, 378 U.S. 368, 12 L. Ed. 2d 908; 1 A.L.R. 3d 1205; *Rogers v. Richmond*, 365 U.S. 534, 5 L. Ed. 2d 760.

This appears in the majority opinion:

"Sheriff L. Y. Hall testified that after defendant had been placed in custody, he took defendant to Durham County Jail. Thereafter, according to the record, the following occurred:

"Q. What, if anything, did he tell you the next day?

A. The same thing Mr. Watson just told that —

OBJECTION          OVERRULED          EXCEPTION No. 2

A. That he had been drinking beer all the weekend, that he went to the job Monday morning and his boss did not need him and two other fellows that was with him and he went — he had seven dollars and something and after 7:30 he started drinking beer and he had drank beer until he got into the cab that day, and that he bought six cans of beer and picked up a knife in a store and he remembered cutting the mike but he did not remember robbing Mr. Vickers, (sic) and he threw the knife away but he did not know where."

It is to be particularly noted that defendant only made a general objection to the question, and that he did not object to the alleged statements made by him on the ground that they were involuntary, did not at any time make an offer of evidence tending to show the incompetency of the alleged confession, and did not request that a preliminary investigation of the matter be made before the court ruled on the evidence offered. It is familiar law that a defendant has a constitutional right at some stage in the proceedings to object to the use of a confession and to have a fair hearing and a reliable determination of the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. *Jackson v. Denno, supra.* According to the weight of authority, which will be set forth below in detail, this right may be waived.

Defendant was represented by a lawyer of his own choice, Alfred Bryant, an able and experienced lawyer of the Durham County Bar. The defendant offered testimony in his own behalf. In the record before us there is not a suggestion or intimation that his alleged confession was not free and voluntary. Defendant's evidence tends to show that he was mentally incompetent by reason of the fact that he had been a patient in several mental institutions and had been confined in State hospitals upon three occasions for the mentally incompetent, and that he was not guilty by reason of insanity or mental disease, or both.

This is said in *S. v. Rogers*, 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104, a leading case in this jurisdiction written by Justice Ervin, who is now a member of the United States Senate: ". . . *When the admissibility of a confession is challenged on the ground that it was induced by improper means,* the trial judge is required to determine the question of fact whether it was or was not voluntary

before he permits it to go to the jury. [Citing authority.] In making this preliminary inquiry, the judge should afford both the prosecution and the defense a reasonable opportunity to present evidence in the absence of the jury showing the circumstances under which the confession was made." (Emphasis mine.)

It is true that in *S. v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344, the Court said: "When a confession is offered in evidence and challenged by objection, the court, in the absence of the jury, should determine whether the confession was free and voluntary." However, the Court in that opinion cites as authority for the statement, *S. v. Rogers, supra*, which says, as we have quoted above, *"When the admissibility of a confession is challenged on the ground that it was induced by improper means. . . ."* The *Barnes* case also cites *S. v. Elam*, 263 N.C. 273, 139 S.E. 2d 601, which has no reference as to the proper procedure for challenging the admissibility of an alleged confession. In that case there was a preliminary inquiry at length made by the court in the jury's absence in respect to the admissibility of the alleged confession.

*S. v. Smith*, 213 N.C. 299, 195 S.E. 819, was a prosecution upon an indictment charging the defendant with the commission of the capital felony of rape. When the State offered evidence of statements made by defendant, the defendant objected and asked permission to cross-examine the witness regarding the voluntariness of his statements. After some considerable cross-examination, defendant requested the court to find the facts regarding the alleged confession and to hold that any evidence regarding the same was incompetent. The court made an entry that under the present evidence the statement of defendant was voluntary. The Court in its opinion said:

"The defendant contends here that he had the right to testify and offer witnesses in the absence of the jury in rebuttal concerning the circumstances under which the alleged confession was procured from him. This is true if he asserts or requests the right at the time. However, when his counsel had completed his cross-examination of the witness in respect to the circumstances under which the confession was made he did not tender any witnesses in rebuttal, but elected to request the court at that time to find the facts. It was not the duty of the court to call upon the defendant to offer evidence. It ruled upon the competency of the testimony when called upon to do so by the defendant. This gives the defendant no cause for complaint."

In *S. v. Outing*, 255 N.C. 468, 121 S.E. 2d 847, the Court cites

*S. v. Davis, supra,* which quotes from *S. v. Rogers, supra,* which quotation appears above.

In *S. v. Barber,* 268 N.C. 509, 151 S.E. 2d 51, Bobbitt, J., speaking for the Court, said:

> " 'When the State offers a confession in a criminal trial and the defendant objects on the ground it was not voluntary, the question thus raised is determined by the judge in a preliminary inquiry *in the absence of the jury.* . . . The trial judge hears the evidence, observes the demeanor of the witnesses and resolves the question.' (Our italics.) *S. v. Outing,* 255 N.C. 468, 472, 121 S.E. 2d 847, 849, cert. den. 369 U.S. 807, 7 L. Ed. 2d 555, 82 S. Ct. 652. Accord: *S. v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344; *S. v. Gray,* 268 N.C. 69, 150 S.E. 2d 1."

In *S. v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84, it is said:

> "While it is the better practice for a judge on a *voir dire* respecting an alleged confession to make his finding as to the voluntariness thereof and enter it in the record, a failure so to do is not fatal. Voluntariness is the test of admissibility, and this is for the judge to decide. His ruling that the evidence was competent of necessity was bottomed on the conclusion the confession was voluntary. *S. v. Hawkins, supra* [214 N.C. `326, 199 S.E. 284]."

A similar result was arrived at by the Supreme Court of Vermont in *State v. Goyet,* 120 Vt. 12, 132 A. 2d 623. In that case the defendant was indicted by a grand jury for murder in the first degree. Defendant pleaded not guilty, and not guilty by reason of insanity. The verdict was guilty of murder in the first degree. After verdict and before entry of judgment on the verdict, the case was passed to the Supreme Court of Vermont on exceptions of defendant. Exception 11 was concerned with the admission in evidence of defendant's written confession. In its opinion the Court said:

> "The basic test in connection with the admission of a confession is; — Was it voluntarily given? Is there any evidence of threats, promises or course of conduct that tends to show that the confession was not a voluntary act? *State v. Watson,* 114 Vt. 543, 550, 49 A. 2d 174; 22 C.J.S. Criminal Law § 817. This question is a preliminary one for the determination of the trial court. Unless it can be said as a matter of law that the decision was wrong, it must stand. *State v. Blair,* 118 Vt. 81, 85, 99 A. 2d 677. The court, by admitting the confession after hearing evidence of the circumstances attending the giving of it, impliedly

held that it was voluntarily given. *State v. Blair, supra,* 118 Vt. at page 89, 99 A. 2d at page 682."

In the conclusion of its opinion the Court said:

"There was no error and the respondent takes nothing by his exceptions. Judgment on the verdict not having been entered below, judgment of guilty of murder in the first degree is rendered and entered here upon the verdict of the jury. Let sentence pass and execution thereof be done."

This is stated in 29 Am. Jur. 2d Evidence § 583:

"While there is some authority to the effect that it is the duty of the trial court, in the absence of objections by the defendant, to conduct an inquiry into the admissibility of a confession, it is more generally held that a defendant in a criminal case who objects to the introduction in evidence of a confession by him, on the ground that it was involuntary, should make a timely offer of evidence showing the incompetency of the confession, or should request that a preliminary investigation of the matter be made, which offer or request should be made before the court rules on the evidence offered. Where no proper and timely objection to the voluntariness of a confession is made, or no request is made for an examination as to its voluntariness, no preliminary examination or hearing is required with respect to such question, and the defendant cannot, upon an appeal, raise the issue that the court erred in failing to conduct such a preliminary examination."

This is said in an annotation in 102 A.L.R. 625 *et seq.:*

"Assuming that where proper objection is made, it is the duty of the trial court to conduct a preliminary investigation as to the voluntary or involuntary character of an alleged confession of one on trial for a criminal offense, important questions arise as to the effect of failure of the defendant to object to the admission of testimony regarding the confession or to make the specific objection that it was involuntary, or failure on his part to request a preliminary investigation or to offer evidence for the court's consideration in passing on the question. Must the court on its own initiative, where an alleged confession is offered in evidence by the prosecution, conduct a preliminary investigation into the question of the voluntariness of the confession, or is such an investigation waived by the defendant by failure to object? The weight of authority is to the effect that the preliminary investigation may be waived, and

that, in the absence of a proper objection or a request for a preliminary hearing, and in some instances in the absence of an offer of proof of involuntariness, the defendant cannot, on appeal, raise the issue that the trial court, before permitting the confession to be introduced in evidence, should have conducted a preliminary investigation into the question of its voluntary or involuntary nature, the court, at least in those jurisdictions in which a confession is prima facie voluntary, not being obliged to do so on its own initiative, if there is nothing in the circumstances shown at the time the confession is offered in evidence indicating that it was involuntary. . . .

*     *     *

"It has been held that the defendant should offer evidence of the alleged involuntary nature of the confession where he seeks to exclude it from the jury on this ground, and that he should request a preliminary investigation. On this point, the Illinois court [*People v. Knox,* 302 Ill. 471, 134 N.E. 923], in holding that an objection merely that an alleged confession was obtained by duress is insufficient, has said: 'While it is and should be the desire and duty of a court to avoid the admission of incompetent evidence, there is likewise a duty on the part of counsel to seek to present to the court evidence, if any he has, showing the incompetency of such testimony, and we are not inclined to hold that the duty rests first with the court to inquire into the circumstances surrounding such conversation before its admission in evidence, where there is nothing in the evidence to indicate promises of leniency or duress, though it might with propriety do so of its own motion. Counsel, if he desired such inquiry, should have requested it in advance of the court's ruling on the evidence offered. The court is not bound to make such inquiry where, as here, counsel merely objects on the ground that the statement concerning which the evidence was offered was obtained by duress. Objection of counsel that the statement was so obtained was not evidence of the fact. Counsel cannot refrain from making inquiry, and then claim error where the record did not disclose such threats and promises. There was no ruling of the court as to its admissibility after the evidence concerning threats and promises was in. No motion was made to strike the evidence.' "

In *State v. Roland,* 336 Mo. 563, 79 S.W. 2d 1050, 102 A.L.R. 601, defendant was found guilty of murder in the first degree, and his punishment was assessed at death. He appealed from the judg-

ment thereon. The Court affirmed the judgment of death. In its opinion the Court said:

"The bill of exceptions discloses no request by defendant to the court for any preliminary investigation to ascertain whether or not the confession was voluntary; nor does it show any offer on the part of the defendant to prove any facts tending to establish the confession was involuntary. Its admissibility was attacked only as set forth above. There is an entire absence of any evidence tending to show that the confession was not voluntary. It has long been the rule in this state that a confession (speaking of extrajudicial confessions) of an accused person is presumed to be voluntary until the contrary is shown. *State v. White,* 330 Mo. 737, 745, 51 S.W. (2d) 109, 112, and cases there cited. Present such a presumption, and absent a request for a preliminary investigation or an offer to prove a confession involuntary, a trial court is not to be convicted of error in admitting in evidence a confession of guilt made by a defendant. Confessions are competent evidence, possessing considerable probative value; and are not in and of themselves inadmissible. While trial courts should avoid the admission in evidence of an inadmissible confession, a duty also exists on defendants (as in other analogous instances) to be fair with the court and timely present evidence (defendant should know the circumstances under which a confession was obtained) showing the incompetency of the confession; or, at least, request of the court a preliminary investigation as to the admissibility of the confession in evidence. To be timely, such action should be taken before the court rules on the offered evidence; and defendants who refrain from making such request or an offer of such evidence should not thereafter be heard to successfully assert error based on the admission of the confession. Under the facts in the instant case, the court was privileged to admit the confession in evidence on the presumption that it was voluntary. In *State v. Hayes* (Mo. Sup.) 247 S.W. 165, 168, this court said: 'When offered in evidence, appellant objected upon the ground that such confessions were not competent, until it was shown that they were voluntary. Appellant did not ask for a preliminary inquiry on the question of their voluntary or involuntary nature. The court properly proceeded upon the theory that such confessions were presumed to be voluntary.' See, also, *State v. Long,* 324 Mo. 205, 212, 22 S.W. (2d) 809, 813; *State v. McGuire,* 327 Mo. 1176, 1185, 39 S.W. (2d) 523, 526; *State v. Seward* (Mo. Sup.) 247 S.W. 150, 153; *People v. Knox,* 302 Ill. 471, 473, 134 N.E. 923, 924. Prior to

the offer of the instant confession in evidence, there was oral testimony that defendant had informed the officers he had sold his revolver; that he drew a map to aid them in locating the place where he had disposed of it; that it was the gun he used in killing Officers Shane and Whitted; and that, as stated by the witness, defendant was trying to help the officers locate the revolver. The oral testimony was that defendant read the confession before signing it, and it concludes: 'I have read the above statement consisting of five (5) pages, before signing same, and this statement is true and correct to the best of my knowledge. I have made the above statement of my own free will, and accord, and after having been advised as to the nature of the charges against me, and of my right to interview an attorney before making this statement, and no threats, promises of reward or immunity have been made by anyone in order to obtain this statement, and I have been warned by those to whom this statement is being made that anything I say in this statement may be used against me as evidence at my trial.' We find no error in the admission of the confession in evidence under the facts in the instant case."

The majority opinion in the instant case states this:

"Further, a long line of recent cases in this jurisdiction state that the better practice requires the trial judge, upon objection, to excuse the jury and in the absence of the jury hear the evidence of both the State and the defendant upon the question of whether defendant, if he made an admission or confession, voluntarily and understandingly made the admission or confession. *S. v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22; *S. v. Bishop, supra* [272 N.C. 283, 158 S.E. 2d 511]; *S. v. Ross, supra* [269 N.C. 739, 153 S.E. 2d 469]; *S. v. Barber,* 268 N.C. 509, 151 S.E. 2d 51; *S. v. Gray, supra* [268 N.C. 69, 150 S.E. 2d 1]; *S. v. Barnes, supra* [264 N.C. 517, 142 S.E. 2d 344]; *S. v. Outing,* 255 N.C. 468, 121 S.E. 2d 847; *S. v. Davis,* 253 N.C. 86, 116 S.E. 2d 365."

I have discussed above *S. v. Outing, supra; S. v. Barber, supra;* and *S. v. Barnes, supra.* It is true that in the cases of *Greenlee, Ross,* and *Gray* there may be found language stating in substance what is quoted above. I think the statement in these cases that upon objection alone the judge should excuse the jury and conduct a *voir dire* examination is too broad and not consistent with our line of decisions represented by *S. v. Rogers, supra, S. v. Barber, supra,* the majority rule which we have quoted above from American Jurisprudence 2d, and the annotation in American Law Reports, though it

may be the better practice in the light of the legal quibbles and technicalities regarding the admission of confessions in evidence, but I do not think it is necessary under all the facts in the case here. In *S. v. Davis, supra,* the Court quotes from *S. v. Rogers, supra.* I think the correct rule is as stated by Justice Ervin in *S. v. Rogers, supra,* and by Justice Bobbitt in *S. v. Barber, supra;* also in 29 Am. Jur. 2d Evidence § 583 and in the annotation in 102 A.L.R. 625 *et seq.*

I do not think that anything said in *Jackson v. Denno, supra,* is in conflict with the majority rule that we have quoted above from American Jurisprudence 2d and from an annotation in American Law Reports. In that case, under the New York procedure concerning the determination of the voluntariness of a confession offered by the prosecution, the Court excludes it if in no circumstances it could be deemed voluntary, but leaves to the jury the ultimate determination of its voluntary character, as well as its truthfulness, if the evidence presents a fair question as to its voluntariness. In that case a divided Court overruled one of its former decisions, *Stein v. New York,* 346 U.S. 156, 97 L. Ed. 1522, and held that the New York procedure described above violated the 14th Amendment of the United States Constitution.

Under the orthodox rule, which appears to be followed in at least twenty states, including North Carolina, the trial judge alone resolves all questions of fact and determines the issue of voluntariness in a preliminary hearing when requested. *S. v. Rogers, supra;* 18 Sw. L. J. 731-32, note 19.

After an exhaustive research, I can find no decision in this jurisdiction that, under all the circumstances of this case, holds the confession here was inadmissible.

In the President's Crime Commission Report of last year (in which the Honorable Lewis F. Powell, Jr., an eminent member of the Richmond, Virginia bar and a former President of the American Bar Association, participated) it was said: "We know of no other system of criminal justice which subjects law enforcement to limitations as severe and rigid as those we have discussed." In recent years many habitual and permanent criminals have been turned loose through technicalities and legal quibbles, and rulings of the Federal Supreme Court have revamped criminal law and procedures so that many such criminals have an easy time keeping out of jail. I have no disposition to pile up another legal quibble or technicality to impede the administration of justice. In an unbroken line of decisions since *S. v. Roberts, supra,* decided by this Court in 1827, down to the present moment, this Court has held that no conviction

of a defendant can stand where his conviction is founded, in whole or in part, upon an involuntary confession. I am in thorough accord with those decisions of ours. In the instant case there is an entire absence of any evidence tending to show that the alleged confession was not voluntary. In my opinion the evidence of the alleged confession here, under all the circumstances in the record before us, was competent, and my vote is to affirm the judgment of the Superior Court below.