### STATE v. I. II. FOUST.

*Embezzlement—Misappropriation of Funds—Instructions to Jury.*

1. To "embezzle" means not only to "appropriate to one's own use," but also to "misappropriate fraudulently"; therefore,

2. Where an indictment charged that defendant "did convert to his own use and embezzle" a check, an instruction that defendant was guilty if he received the check and misappropriated it fraudulently, whether for his own benefit or not, was proper.

INDICTMENT for embezzlement under section 1014 of *The Code,* tried before *Battle, J.,* at February Term, 1894, of ROWAN Superior Court.

The facts appear in the opinion of Associate Justice CLARK. The defendant was convicted, and appealed.

*The Attorney General,* for the State.

*Messrs. Charles Price* and *Lee S. Overman,* for defendant (appellant).

CLARK, J.: The defendant was treasurer of the Vance Cotton Mills and also Cashier of the First National Bank of Salisbury. He received the check of $922.63, set out in the indictment, as treasurer of the Vance Cotton Mills, and, without giving that company any credit for it, he placed it in a bank in Charlotte to the credit of the First National Bank of Salisbury. There was evidence from his confessions and otherwise tending to show that he did this to cover up his shortage as cashier of said bank.

The defendant assigns as error:

1. The refusal of the Court to charge the jury as set out in defendant's prayers for instructions.

2. The instructions to the jury that it made no difference whether the defendant converted the check to his own use or not, he would be guilty if he received the check and misapplied it fraudulently.

3. That, as there was no controversy about the facts in the case, it was the duty of the Court to say upon those facts that the defendant was not guilty.

The first assignment of error is covered by the second and third. The third assignment of error depends upon the second. We are left face to face with the second assignment only.

The contention of the defendant is, therefore, that if he received the check and misapplied it fraudulently he would not be guilty under the first count (the second count having been *nol. prossed*), which charges that the defendant "willfully, fraudulently, knowingly and feloniously did convert to his own use and embezzle" the said bill of exchange. On the contrary, we think the Court correctly "told the jury that to embezzle was for an agent fraudulently to misapply the property of his principal; that it was not necessary that the agent should convert it to his own use; that is, expend the money for his own benefit." The defendant received the check as the property of the Vance Cotton Mills and by virtue of the trust reposed in him as its treasurer. If he fraudulently misapplied the check, giving another corporation the proceeds, such misapplication of the check, when fraudulently done, is "to embezzle" within the just and true meaning of the statute and the indictment. To embezzle may mean to "appropriate to one's own use," but it embraces also the meaning "to misappropriate." Indeed, "to misappropriate" is given as a synonym of "to embezzle" in Soule's Synonyms and as one of the definitions in probably all the dictionaries. *The Code,* §1014, renders it indictable to embezzle or fraudulently convert to one's

own use.    This shows that these acts are not necessarily and strictly synonymous, The defendant received the check as the property of one company and applied it to the credit not of that company but of another.    The jury were properly told that such misappropriation or misapplication, if done fraudulently, was embezzlement, which, in fact, is simply a fraudulent breach of trust by misapplying the property entrusted to him to the use either of himself or another when done with a fraudulent intent.

After a careful consideration of the earnest and ingenious argument of appellant's counsel we can perceive no prejudice that the defendant has suffered in the trial below.

No Error.