### STATE v. E. H. SMITH.

(Filed 13 April, 1932.)

1. **Criminal Law L d—Where defendant does not discuss exceptions in brief they are deemed abandoned.**

   On appeal in a criminal action those exceptions which are not discussed by the defendant in his brief are deemed abandoned by him.

2. **Criminal Law I d—Held: order that defendant be taken into custody during trial was within discretion of trial court.**

   Where, on the trial of a criminal action, the court finds as a fact that the action of the defendant in absenting himself impeded the trial, and orders the defendant into custody, and finds as a fact that the jury did not know of such order: *Held,* under the circumstances the order was within the legitimate power of the trial court and is not sufficient grounds for a new trial on appeal.

3. **Embezzlement B d—Defendant's contentions were not germane to the issue and court's failure to instruct thereon was not error.**

   Where on a trial for embezzlement the decisive question is whether the defendant embezzled the county's funds after they were deposited in the bank, it will not be held for error that the court failed to instruct the jury that the funds must have been deposited with the intent to embezzle and that the funds were deposited in the defendant's name without his knowledge, the contentions of the defendant in this respect not being in issue.

**4. Same—Instructions in this case held sufficiently full and defendant desiring elaboration should have made request therefor.**

Where in a prosecution for embezzlement the trial court instructs the jury with respect to the principal items in dispute and sets forth the contentions of the defendant in regard thereto, his failure to give more specific instructions as to one item. will not be held for error when it appears that the defendant was not prejudiced thereby, it being incumbent on the defendant to request special instructions if he desired instructions as to any subordinate feature of the evidence.

APPEAL by defendant from *Small, J.,* at January Special Term, 1932, of BRUNSWICK. No error.

The defendant was indicted for the embezzlement and misapplication of money, notes, bonds, checks, and vouchers, received and held in trust by him as an officer, agent, consignee, and employee of Brunswick County. The jury convicted him, returning a general verdict upon all the counts. Judgment was pronounced and he excepted and appealed, assigning error.

The county of Brunswick sold its bonds and notes in the total sum of $324,300. The defendant occupied the several positions of county attorney, acting treasurer of the county, attorney for the treasurer, and director and manager of the Hale Beach Development Company. Large sums of this money went into his hands and were deposited in several banks; some of it in his name, some in the name of "E. H. Smith, attorney," some in the name of "Brunswick County, E. H. Smith, attorney," and some in the name of "Hale Beach Development Company, E. H. Smith, attorney."

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Parker & Lee for defendant.*

ADAMS, J. There is abundant evidence of the defendant's embezzlement of funds that went into his hands while serving as an agent, employee, or servant of Brunswick County, but. it is unnecessary to investigate the several instances of alleged misapplication. The appellant restricts his brief to the discussion of two questions and thereby abandons all other assignments of error. Rule 28.

Pending the hearing the court ordered the defendant into custody, and to this order the defendant first addresses his brief. No exception was taken when the order was made and none appears in the record.

The conduct of the defendant called for drastic action. His continued absence impeded the trial. The judge states that he made "every possible effort to assure the defendant of able counsel and a fair trial, but the

defendant did not seem to appreciate the effort or to respect the court." It does not appear that the jury knew anything of the order or of the commitment of the defendant; the finding of the court is to the contrary. Under the circumstances the order was within the exercise of legitimate power and affords no sufficient ground for a new trial.

It is contended that the court committed error in failing to charge the jury that the defendant deposited money in the Bank of Cherryville with intent to embezzle it; also in failing to explain the defendant's testimony that the funds were deposited in his name without his knowledge. These questions were not at issue; the decisive question was whether the defendant embezzled the money after it had been deposited in his name, and it was resolved in favor of the State.

We do not perceive that the defendant was prejudiced by the court's failure to give a more specific instruction in reference to the money returned by the defendant for the payment of school teachers. The controversy with respect to the principal items in dispute was set forth and the contentions were stated. If the defendant desired an instruction as to any particular item or any subordinate feature of the evidence he should have requested it by a prayer for instruction. *S. v. Merrick,* 171 N. C., 795; *S. v. O'Neal,* 187 N. C., 22.

Neither the motion for a new trial nor the motion in arrest of judgment can be sustained.

No error.