STATE OF NORTH CAROLINA v. BRUCE E. ELLIS

No. 779SC62

(Filed 20 July 1977)

1. **Embezzlement §§ 4, 6— allegation of ownership by "Provident Finance Company" — proof of ownership in corporation — no fatal variance**

   There was no fatal variance in an embezzlement case because the indictment placed ownership of the embezzled funds in "The Provident Finance Company" and the evidence placed ownership of the funds in the "Provident Finance Company of Henderson, Inc.," since the words "Provident Finance Company" clearly import a corporation pursuant to G.S. 55-12.

2. **Embezzlement § 5— proof of transaction — specific date not alleged**

   The trial court in an embezzlement case did not err in the admission of a witness's testimony concerning transactions on dates which were not particularly listed in the indictment where the indictment alleged that the transactions constituting the alleged embezzlement occurred between two specified dates and then listed particular dates, and the transactions to which the witness testified occurred within the period stated in the indictment, since the defendant had ample notice of the time frame upon which the State relied.

3. **Criminal Law § 128.2— use of word "embezzle" in cross-examining defendant — failure to declare mistrial**

   The trial court did not err in refusing to declare a mistrial in an embezzlement case when the prosecutor used the word "embezzle" during his cross-examination of the defendant where the court sustained defendant's objection to the prosecutor's question and instructed the jury to disregard it.

4. **Embezzlement § 6.1— evidence of frugal life style — refusal to give requested instruction**

   The trial court in an embezzlement case properly refused to instruct the jury that evidence of defendant's financial condition and the absence of any large expenditures by him should be considered by the jury in determining guilt or innocence where the State did not attempt to prove that defendant converted and spent the missing funds on himself but presented evidence tending to show that defendant misapplied the funds within his employer's company to reduce bad debt accounts and thereby protect his job and enhance his income under the company profit sharing plan, since the requested instruction applied to a situation not at issue in the trial.

5. **Criminal Law § 114.1— recapitulation of evidence — disparity in time**

   The fact that the trial court in a complicated case consumed more time in recapitulating the State's evidence than that of the defendant did not constitute an expression of opinion on the evidence.

---

State v. Ellis

---

6. **Criminal Law § 122.2— jury unable to agree — instruction to deliberate further**

> The trial court did not coerce a verdict in sending the jury back for further deliberations after the jury announced that a verdict had not been reached where the court stressed to the jury that its verdict was not to be bought at the price of the surrender of the conscientious convictions of any of its members.

7. **Embezzlement § 6— allegation of "embezzlement and conversion" — proof of misapplication — no fatal variance**

> There was no fatal variance between indictment and proof where the indictment alleged that defendant did "embezzle and convert to his own use" funds of a finance company and the State's evidence tended to show that defendant fraudulently misapplied the funds but failed to show that defendant converted the funds to his own use, since the term "embezzle" includes fraudulent misapplication, and the allegation of conversion may be treated as surplusage.

APPEAL by defendant from *Baley, Judge.* Judgment entered 15 October 1976, Superior Court, VANCE County. Heard in the Court of Appeals 1 June 1977.

Defendant was charged in a bill of indictment with embezzlement of funds from the Provident Finance Company in whose Henderson branch he was employed as manager. The jury returned a verdict of guilty, and defendant appeals from the judgment entered on the verdict imposing imprisonment for a term of three to five years.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Rogers & Senter, by Bobby W. Rogers, for defendant.*

BROCK, Chief Judge.

[1] Defendant first assigns error to the trial court's denial of his motion for directed verdict at the close of State's evidence. As ground for his motion defendant argued a fatal variance between the indictment and proof. The indictment placed ownership of the embezzled funds in the "Provident Finance Company." Evidence educed at trial placed ownership of the funds in the "Provident Finance Company of Henderson, Inc." Defendant contends the difference in names constitutes a fatal variance. We disagree.

State v. Ellis

In an indictment for embezzlement it is necessary to allege ownership of the property in a person, corporation, or other legal entity able to own property. Where the property belongs to a corporation: " . . . the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation." *State v. Thornton*, 251 N.C. 658, 662, 111 S.E. 2d 901, 903 (1960). General Statute, Chap. 55, Business Corporations Act, Art. 3, Formation, Name and Registered Office, Section 55-12, Corporate name, states: "The corporate name shall contain the wording 'corporation,' 'incorporated,' 'limited' or 'company' or an abbreviation of one of such words." The words "Provident Finance Company" clearly import a corporation; therefore, as to placing ownership in a corporate entity, the indictment is sufficient.

The issue then is whether the variance between "Provident Finance Company" and "Provident Finance Company of Henderson, Inc." is so material as to be fatal. We hold that it is not. The defendant was adequately informed of the corporation which was the accuser and victim. A variance will not be deemed fatal where there is no controversy as to who in fact was the true owner of the property. *State v. Wyatt*, 254 N.C. 220, 118 S.E. 2d 420 (1961).

[2]   Defendant next assigns as error the admission of testimony of State's witness Allen. Allen testified concerning a loan transaction in which he made final payment on his account and received a paid-in-full receipt from defendant. Allen's payment was not applied to his loan account. Defendant argues that the State should be restricted to proof of the transactions set out in the indictment and that since the dates of the transactions testified to by Allen were not included in those listed in the indictment, admission of the testimony was error. Defendant's argument is without merit.

Where time is not of the essence in the crime charged, an indictment charging the crime is not defective when the date is left out. *State v. Tessnear*, 254 N.C. 211, 118 S.E. 2d 393 (1961). Embezzlement in violation of G.S. 14-90 requires the establishment of four elements: (1) that the defendant was the agent of the prosecutor; (2) that by the terms of his employment he was to receive the property of his principal; (3) that he received the property in the course of his employment; and (4) knowing it was not his own, converted it to his own use or fraudulently

misapplied it. *State v. Buzzelli,* 11 N.C. App. 52, 180 S.E. 2d 472 (1971) ; *State v. Smithey,* 15 N.C. App. 427, 190 S.E. 2d 369 (1972). There was sufficient evidence presented to prove the elements necessary to establish the crime charged in the bill of indictment. Furthermore, the indictment expressly stated that transactions constituting the alleged embezzlement occurred between 6 July 1970 and 7 May 1974. The transactions testified to by Allen occurred within the period stated in the indictment. The defendant had ample notice of the time frame upon which the State relied. If defendant had wanted more information than that provided in the indictment, it was his obligation to request a bill of particulars. *State v. Cox,* 244 N.C. 57, 92 S.E. 2d 413 (1956).

[3]  Defendant next assigns error to the trial court's refusal to declare a mistrial. The prosecutor, in cross-examining the defendant, asked the following question: "And these were the 90 day account cards that you had to *embezzle* some money from to pay off delinquent loans?" (Emphasis added.) The defendant's objection was immediately sustained by the trial court. Defendant moved for mistrial. The trial judge denied the motion but immediately thereafter admonished the jury to disregard the prosecutor's remark. The defendant argues that the prosecutor's use of the word "embezzle" was so inflammatory as to require a mistrial. We disagree. The trial judge moved swiftly to excise any prejudicial effect of the prosecutor's question. The conduct of the trial rests in the discretion of the trial court. *State v. Lindsey,* 25 N.C. App. 343, 213 S.E. 2d 434 (1975). The ruling denying the motion for mistrial was sound and in no way evidences an abuse of discretion.

[4]  The defendant next assigns as error the trial court's failure to submit a requested charge to the jury. In substance the requested charge stated that evidence as to defendant's reputation for honesty and fair dealing, his financial condition, and the absence of any large expenditures by him should be considered by the jury in determining guilt or innocence. This assignment of error is without merit.

The court need not give a requested instruction which is not germane to the issue. *State v. Smith,* 202 N.C. 581, 163 S.E. 554 (1932). The purpose of the instruction requested was to place in counterpoise defendant's evidence of a frugal life with the prosecution's evidence that defendant converted the

allegedly embezzled funds to his own use. In the present case the State did not attempt to prove that defendant converted and spent the missing funds on himself. The State's evidence tended to show that defendant misapplied the funds within the company to reduce bad debt accounts and thereby protect his job and enhance his income under the company profit sharing plan. The requested instructions were inappropriate in that they applied to a situation not at issue in the trial.

**[5]**  The defendant next contends that the trial court, in its recapitulation of the evidence, unduly stressed the State's case to the prejudice of the defendant. The fact that the trial court in a complicated case consumes more time in recapitulating the State's evidence than that of the defendant does not constitute an expression of opinion on the evidence. *State v. Murray*, 21 N.C. App. 573, 205 S.E. 2d 587 (1974). After reviewing the record in light of the charge, we find no undue weight given to the State's evidence.

**[6]**  The defendant next assigns as error the trial court's request that the jury continue its deliberations after the jury announced that a verdict had not been reached. The defendant argues that sending the jury back for further deliberations coerced the dissenting juror. This assignment of error is without merit. In sending the jury back, the trial judge was fulfilling his obligation to achieve the most efficient administration of the judicial process possible under the particular circumstances. Furthermore, he assiduously stressed to the jury that its verdict was not to be bought at the price of the surrender of any of its members' conscientious convictions.

**[7]**  Defendant assigns as error that part of the trial judge's charge in which he explained that for the jury to find defendant guilty, it must find beyond a reasonable doubt that the defendant, as an employee, received funds and with fraudulent intent used the property for a purpose other than that for which it was received. The indictment charged that defendant did "embezzle and convert to his own use." Defendant argues that the State proved only misapplication of funds. He contends that there is a fatal variance between the allegations and the proof and that the court's charge was in error in that it allowed the jury to find him guilty without a finding that he converted the funds to his own use.

While defendant claims the judge erred in defining "embezzlement" in his charge, he is really arguing a fatal variance between allegation and proof. The proper method for raising the issue of fatal variance is not by exception to the charge, but rather by motion to dismiss as in case of nonsuit. *State v. Grace,* 196 N.C. 280, 145 S.E. 399 (1928). Since defendant did move for directed verdict and did except to the denial of the motion, we will consider the substantive issue raised by this assignment of error.

The indictment charged that defendant did "embezzle and convert to his own use" funds from Provident Finance Company. Defendant argues that because of the quoted language the State elected to try defendant on a theory of embezzlement by conversion. We do not agree. Embezzlement is a statutory crime. G.S. 14-90 declares that a person will be guilty of a felony if he " . . . shall embezzle or fraudulently or knowingly and willfully misapply or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently or knowingly and willfully misapply or convert to his own use. . . . " By its wording there are six possible means of violating the statute, two of which are embezzlement and conversion to one's own use.

In *State v. Foust,* 114 N.C. 842, 19 S.E. 275 (1894), it was held that the statute which is now G.S. 14-90 "renders it indictable to embezzle or fraudulently convert to one's own use . . . these acts are not necessarily and strictly synonymous." "To embezzle may mean to 'appropriate to one's own use,' but it embraces also the meaning 'to misappropriate.' " *Id.* at 843, 19 S.E. at 275. In *Foust* the indictment charged that defendant "willfully, fraudulently, knowingly and feloniously did convert to his own use *and* embezzle." (Emphasis added.) Our Supreme Court held that the court correctly charged the jury when it "told the jury that to embezzle was for an agent fraudulently to misapply the property of his principal; that it was not necessary that the agent should convert it to his own use . . . . " *Id.* at 843, 19 S.E. at 275.

The present case is controlled by *Foust.* The indictment charged that defendant did "embezzle and convert to his own use." (Emphasis added.) The State, as in *Foust,* proved fraudulent misapplication. The trial court, as in *Foust,* correctly charged the jury on fraudulent misapplication. Thus the crime

of embezzlement was properly charged in the indictment, proved by the State, and explained to the jury by the trial court. As to that part of the indictment alleging conversion, where an averment as to the manner of committing an offense can be omitted without affecting the charge in the indictment, it may be rejected as surplusage. 41 Am. Jur. 2d, Indictments and Information, § 266, p. 1042.

Defendant's remaining assignment of error have been reviewed. Examination thereof discloses no error. The defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.