STATE OF NORTH CAROLINA v. MICHAEL TEDDER

No. 8214SC977

(Filed 3 May 1983)

1. **Embezzlement § 5— reasons for opening cash register—testimony competent**
   In a prosecution for embezzlement, testimony by the employer's sales manager that an employee would have reason or authority to open the cash register, other than for a sale, in order to obtain change or a check placed under the drawer of the register did not constitute improper opinion testimony and was properly admitted since it was based upon personal knowledge of the witness.

2. **Criminal Law § 73.1— hearsay testimony—admission as harmless error**
   Defendant was not prejudiced by the trial court's refusal to strike hearsay testimony that the merchandise number, the department number and the price listed on a cash register tape for the transaction at issue were not the correct numbers and price for the item sold by defendant after the witness admitted that he obtained the numbers and price from another witness on the morning of the trial where other witnesses had earlier presented competent testimony showing the correct numbers and price for the item and the numbers and price placed on the register tape by defendant when he sold the item.

State v. Tedder

**3. Embezzlement § 6— sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of embezzlement where it tended to show that defendant was an employee of a department store during the fall of 1980; on 5 November 1980 he was observed selling a lamp; an immediate check of the cash register tape after this transaction indicated that defendant had entered the wrong employée, department and merchandise numbers as well as a price lower than the one marked on the lamp; defendant had no authority to mark down the price of merchandise; and prior to the sale of the lamp, defendant sold other merchandise to an employee at the store at less than the marked price.

**4. Embezzlement § 6— variance in date of crime not fatal**

There was no fatal variance between an indictment charging defendant with embezzlement on 5 November 1981 and evidence showing that the crime occurred on 5 November 1980 where the trial court found that the date on the indictment was "patently a clerical error"; all of the evidence showed that the embezzlement occurred on 5 November 1980, that defendant was employed on this date, and that defendant left his employment in December 1980; and it further appears that defendant was aware of this clerical error in the indictment because of his repeated questioning about the dates of his employment.

**5. Criminal Law § 102.6— wrong date in indictment—refusal to permit jury argument about such date**

The trial court did not err in refusing to permit defense counsel to argue in his closing jury argument that the State had failed to prove that defendant was an employee on the date alleged in an embezzlement indictment where the court had earlier ruled that the date in the indictment was clerical error, defendant was not prejudiced by the variance between the indictment and the evidence, and there was no evidence of any criminal act occurring on the date alleged in the indictment.

**6. Criminal Law § 138— inapplicability of Fair Sentencing Act**

The Fair Sentencing Act did not apply to a crime of embezzlement which occurred on 5 November 1980 since it applies only to felonies occurring on or after 1 July 1981. G.S. 15A-1340.1.

**7. Criminal Law §§ 142.4, 145— expenses of witnesses—restitution as condition of probation—taxation as costs**

The trial court in an embezzlement case erred in ordering defendant, as a condition of probation, to pay the employer restitution for the meals, mileage, travel expenses and telephone calls of two prosecution witnesses. Rather, such expenses should have been labeled as costs, and the trial court had no authority to tax defendant with any of the expenses of one prosecution witness who did not testify at the trial in obedience to a subpoena. G.S. 15A-1343(d) and (e); G.S. 7A-314(a) and (c).

APPEAL by defendant from *McLelland, Judge.* Judgment entered 20 April 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 March 1983.

Defendant was convicted of embezzling merchandise and money from Montgomery Ward Company, Inc. The State's evidence tends to show that in the fall of 1980 Wesley Satterwhite, sales manager for Montgomery Ward, discovered a shortage of inventory in the lamp and giftware department. He immediately notified T. T. Blalock, the store's loss prevention manager, and a surveillance was ordered. On 5 November 1980 Kathy Glascock, a loss prevention specialist with Montgomery Ward, was conducting a surveillance in the store. She observed the defendant, an employee of the store, conversing with a man in the lamp department. The man picked up a beige ceramic lamp and carried it to the cash register. The defendant began ringing up the cash register without looking at the tag on the lamp. The man gave defendant one bill and received change. After defendant stapled a receipt to the lamp, the man left the store. Defendant then opened the register, removed some money and went to the credit center for change. While he was away, Ms. Glascock examined this particular transaction on the tape in the register. She copied the information on the tape and placed a small red asterisk beside the transaction. At the end of the day Ms. Glascock retrieved the tape and turned it over to Blalock.

Evidence for the State further tends to show that the lamp at issue had merchandise, or "SKU", number 006400 and was priced at $47.99. Every employee and department at Montgomery Ward also has a number. Each time a sale is made, the employee must enter his employee number, the number of the department where the merchandise is located and the SKU number of the merchandise on the register tape. The tape retrieved by Ms. Glascock on 5 November 1980 contained the department number for giftware, the SKU number for Corelle dinnerware and the number of an employee who was working with defendant. The price entered on the tape was $8.80, $39.19 less than the marked price for the lamp.

Tammy White testified that she was employed at Montgomery Ward between April and October 1980. During this period defendant sold her a hand fan and dried flowers at prices lower than those marked. Ms. White was later fired, but she promised to repay the difference to the store in return for a promise that she would not be prosecuted. The defendant chose to present no evidence.

From a two year sentence suspended on the condition that he make restitution and pay costs, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*William G. Goldston, for defendant appellant.*

BECTON, Judge.

I

Defendant's first five assignments of error raise issues regarding the admissibility of testimony by Satterwhite and Blalock. In Assignments of Error 1, 2 and 3, defendant argues that the court erred in allowing Satterwhite to answer the following three questions: (1) "Are all entries reflected on the (register's) print-out?" (2) "Would an employee have any reason or authority to open the register other than for a sales transaction?" and (3) "And the shortages, inventory shortages, began to stop after the investigation?" He contends that by granting Satterwhite permission to answer these questions, the court allowed him to express improper opinions.

The record reveals that objections to questions (1) and (3) were not made until these questions were answered.

> An objection is timely only when made as soon as the potential objector has the opportunity to learn that the evidence is objectionable, unless there is some specific reason for a postponement. Unless prompt objection is made, the opponent will be held to have waived it.

1 *Brandis on North Carolina Evidence*, § 27 at 101 (2d rev. ed. 1982). Here there was no reason for a postponement of the objections, and they are deemed waived. We also note that defendant made neither a motion to strike the answers to these questions nor a request that the jury be instructed to disregard the testimony. The failure to make such motion or request constitutes a waiver of the objections to these answers.

[1] Defendant timely objected to question (2), but his objection was overruled. Satterwhite then answered that an employee would have reason or authority to open the register, other than for a sale, in order to obtain change or any check placed under

the drawer of the register. Defendant argues that this question also elicited improper opinion testimony. There is no merit to this argument. As sales manager for Montgomery Ward, Satterwhite was familiar with the various reasons for opening the register and his answer was based upon personal knowledge. Assuming, *arguendo*, that the question was inadmissible, defendant was required to show that had this question not been allowed, a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1443(a) (1978). Defendant has not shown such prejudice.

[2] Assignments of Error 4 and 5 involve testimony by Blalock. During direct examination Blalock testified that the SKU number, the department number and the price listed on the tape for the transaction at issue were not the correct numbers and price for the lamp sold. Defendant objected to the last question concerning the correct price for the lamp, and this objection was overruled. On cross-examination Blalock admitted that he obtained the numbers and price from Satterwhite on the morning of the trial. Defendant then moved to strike Blalock's testimony regarding the numbers and price on the ground that it was hearsay. He now argues that the court's refusal to strike this evidence constitutes prejudicial error and entitles him to a new trial.

The record on appeal shows that Satterwhite earlier presented competent testimony, without objection, that the department number for the lamp was 77, that the SKU number of the lamp was 006400 and that the sales price was $47.99. Glascock had testified earlier to the numbers and price placed on the register tape by defendant when he sold the lamp. In light of this prior testimony, no prejudicial error resulted from Blalock's hearsay testimony. Assignments of Error 4 and 5 are therefore overruled.

## II

Defendant argues that the court erred in denying his motions to dismiss on the grounds of either insufficiency of the evidence or fatal variance between the allegations in the indictment and the proof offered at trial. He first argues that there was insufficient evidence to take the case to the jury because the circumstantial evidence failed to exclude any other reasonable hypothesis consistent with innocence.

> The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss. (Citations omitted.) In ruling upon the defendant's motion to dismiss or for judgment as in the case of nonsuit, the trial court is limited *solely* to the function of determining whether a reasonable inference of the defendant's guilt of the crime charged *may* be drawn from the evidence. (Citation omitted.)

*State v. Smith,* 40 N.C. App. 72, 78-79, 252 S.E. 2d 535, 539-40 (1979). When the evidence here is taken in the light most favorable to the State, we find a reasonable inference of defendant's guilt of embezzlement.

Embezzlement consists of four essential elements: (1) Defendant was the agent of the complainant; (2) pursuant to the terms of his employment he was to receive property of his principal; (3) he received such property in the course of his employment; and (4) knowing it was not his, he either converted it to his own use or fraudulently misapplied it. *State v. Ellis,* 33 N.C. App. 667, 236 S.E. 2d 299, *disc. review denied,* 293 N.C. 255, 236 S.E. 2d 708 (1977).

[3]  The evidence in the case *sub judice* supports the following findings: Defendant was an employee of Montgomery Ward during the fall of 1980. On 5 November 1980 he was observed selling a lamp. An immediate check of the register tape after this transaction indicated that defendant had entered the wrong employee, department and SKU numbers as well as a price lower than the one marked on the lamp. Defendant had no authority to mark down the price of merchandise. Prior to the sale of the lamp, defendant sold other merchandise to an employee of the store at less than the marked price. These foregoing findings are sufficient to take the case to the jury.

[4]  As the second ground for his motion to dismiss, defendant emphasizes that the indictment charged him with the crime of embezzlement on 5 November 1981, while the State's evidence showed that the crime occurred on 5 November 1980. Defendant was not an employee of Montgomery Ward in 1981. The trial court found that the date on the indictment was "patently a clerical error" and refused to dismiss the action because of this variance. Defendant now contends that he relied upon this date in

the indictment to establish an alibi that he was not employed by Montgomery Ward in 1981.

There is no evidence that defendant was prejudiced by the variance. The evidence shows that after an investigation of the transaction occurring on 5 November 1980, defendant was arrested for the crime of false pretense on 5 December 1980. This charge was later dismissed. All of the evidence shows that the embezzlement occurred on 5 November 1980; that defendant was employed on this date; and that defendant left his employment in December 1980. It further appears that defendant was aware of this clerical error in the indictment because of his repeated questioning about the dates of his employment. *See, e.g., State v. Bailey,* 49 N.C. App. 377, 271 S.E. 2d 752 (1980), *disc. review denied,* 301 N.C. 723, 276 S.E. 2d 288 (1981) (defendant's cross-examination of State's witnesses indicated he was aware of the clerical error in the indictment). Neither of defendant's grounds for dismissal has merit.

[5]   Defendant's Assignments of Error 7, 8 and 9 also involve this variance between the indictment and the proof offered by the State. In Assignments of Error 7 and 8 defendant argues that the trial court erred in refusing to allow defense counsel, in his closing jury argument, to argue that the State had failed to prove that defendant was an employee of Montgomery Ward on the date alleged in the indictment. In disallowing this argument, the court informed the jury that it had earlier ruled the date in the indictment to be a clerical error. Defendant moved for a mistrial, and the court denied the motion.

The trial court's ruling constitutes neither an abuse of discretion nor a denial of defendant's constitutional right to effective assistance of counsel. This Court has already concluded that defendant was not prejudiced by the variance between the indictment and the evidence. Furthermore, since there was no evidence of any criminal act occurring on the later date of 5 November 1981, evidence of an alibi for this date would be immaterial, irrelevant and incompetent. Counsel is allowed to argue the law and facts in evidence but may not place before the jury incompetent and prejudicial matters. *State v. Monk,* 286 N.C. 509, 212 S.E. 2d 125 (1975). "The trial court has a duty, upon objection, to censor remarks not warranted by either the evidence or the law,

State v. Tedder

or remarks calculated to mislead or prejudice the jury." *Id.* at 516, 212 S.E. 2d at 131. By disallowing defense counsel's argument, the court was merely carrying out this duty.

In Assignment of Error 9 defendant alleges error in the jury charge. He first argues that the trial court erred in instructing the jury that it could find defendant guilty of the offense on 5 November 1980, a date different from that alleged in the indictment. There is no basis for this first argument for the reasons previously discussed. We also find no basis for defendant's contention that the trial court failed to instruct the jury that to find defendant guilty of embezzlement it must be satisfied that he fraudulently converted a lamp and $39.19 in U.S. currency, the property of Montgomery Ward Company. It is apparent from the record that the conversion of the lamp necessarily included the misapplication of $39.19, the difference between the sales price of the lamp ($47.99) and the amount shown on the register tape ($8.80).

### III

[6] The remaining two assignments of error raise questions about the sentencing hearing. Defendant argues that the court erred when it did not apply the Fair Sentencing Act (N.C. Gen. Stat. § 15A-1340.1 *et seq.* (1981)), since this Act is to be applied to all felonies occurring on or after 1 July 1981. Once again, defendant is relying upon the date alleged in the bill of indictment. His conviction was based solely upon an incident occurring on 5 November 1980, and the Fair Sentencing Act is, by its own terms, inapplicable. G.S. § 15A-1340.1.

[7] Defendant was sentenced to two years, suspended on condition that he make restitution to Montgomery Ward of $618.87 and pay counsel fees of $800 and court costs. Defendant now questions the legality of the $618.87 in restitution. This amount consisted of witness Satterwhite's mileage, long distance calls, and parking fees during the trial. The amount further consisted of witness Glascock's air fare from Texas, taxi fare, parking fees and meals during the trial. The difference between the price of the lamp as marked, and as entered by defendant in the cash register, was also included in this restitution.

N.C. Gen. Stat. § 15A-1343(d) (1981) provides for restitution as a condition of probation "to an aggrieved party or parties who

shall be named by the court for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant." G.S. § 15A-1343(e) provides, as a condition of probation, that a person placed upon probation "be required to pay all court costs and costs for appointed counsel or public defender in the case in which he [is] convicted." The difference in the marked price of the lamp and the price for which defendant sold the lamp consists of restitution pursuant to subsection (d) of this statute. The remaining expenses, however, for the prosecution witnesses' meals, mileage, travel and telephone calls should have been labeled as costs, and the trial court was without authority to assess all of these expenses against defendant.

The record on appeal shows that Montgomery Ward agreed to assume the witnesses' expenses, and the State later agreed to share in this burden. Only after defendant was found guilty of embezzlement did the State and Montgomery Ward suggest that defendant be charged with these expenses. A list of these expenses was submitted and accepted by the court over defendant's objection.

"The general rule is that, unless authorized by express statute provision, witness fees cannot be allowed and taxed for a party to the action." *City of Charlotte v. McNeely*, 281 N.C. 684, 692, 190 S.E. 2d 179, 186 (1972). The controlling statute is N.C. Gen. Stat. § 7A-314 (1981). *Uniform fees for witnesses; experts; limit on number*. It is obvious from the record that the trial court did not follow this statute in ordering defendant to pay the witnesses' expenses as restitution. Pursuant to G.S. § 7A-314(a), witness Satterwhite would be entitled to reimbursement for travel expenses only if he were subpoenaed. The record does not show that Satterwhite testified at trial in obedience to a subpoena. The trial court therefore had no authority to tax defendant with any of Satterwhite's expenses. *State v. Johnson*, 282 N.C. 1, 191 S.E. 2d 641 (1972). The record further shows that defendant was ordered to reimburse Montgomery Ward for Ms. Glascock's mileage in excess of that authorized by G.S. § 7A-314(c). On remand, should the trial court be inclined to again assess costs to defendant as a condition of probation, then this assessment must be made in accordance with the terms of G.S. § 7A-314.

Remanded for sentencing.

Judges ARNOLD and HILL concur.