STATE OF NORTH CAROLINA v. TIKELIA ZANTRA ROBINSON

No. COA03-1410

(Filed 19 October 2004)

**1. Appeal and Error— preservation of issues—failure to ar-
gue in brief**

Two of the original four assignments of error on appeal are
deemed abandoned pursuant to N.C. R. App. P. 28(b)(6) because
defendant failed to argue them in her brief.

**2. Embezzlement— fiduciary relationship—merchandise as-
sociate or store clerk—clothing store**

Assuming arguendo that the trial court erred in an embezzle-
ment case by instructing the jury that by law a fiduciary relation-
ship existed between a merchandise associate and the clothing
store where she worked, the error was not prejudicial because:
(1) N.C.G.S. § 14-90 specifically references clerks, and witnesses
testified that a merchandise associate is the same as a store clerk;
and (2) the jury could have found defendant guilty of embezzle-
ment in her nonfiduciary capacity as a store clerk based on the
State's presentation of the remaining elements of the crime.

**3. Embezzlement— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to
dismiss the charge of embezzlement, because the State provided
substantial evidence that: (1) as a merchandise associate or sales
clerk authorized to conduct sale transactions on behalf of the
pertinent clothing company, defendant was an agent of the com-
pany; (2) pursuant to the terms of defendant's employment, she

was to receive and did receive property belonging to the company; and (3) defendant knew that the merchandise was not hers, and converted it to her own use or fraudulently sold some of the merchandise.

Appeal by defendant from judgment entered 12 June 2003 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 20 September 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert O. Crawford, III, for the State.*

*Robinson Law Office, by Charles Everett Robinson, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Tikelia Robinson ("defendant") appeals her conviction of embezzlement. For the reasons stated herein, we find no error in the trial court's judgment.

The State's evidence presented at trial tends to show the following: On 3 April 2000, defendant was hired as a merchandise associate at TJ Maxx Department Store ("TJ Maxx") in Rocky Mount, North Carolina. In September 2000, Dwayne Gooding ("Gooding"), a loss prevention detective for TJ Maxx, received information from transaction reports and store employees that defendant may have been selling merchandise for less than the marked price. On 21 September 2000, Gooding interviewed defendant, at which time she provided a written confession that during her employment she engaged in "underringing," "free bagging," and "markdown fraud." "Underringing" occurs when an employee receives merchandise from a customer for purchase, and the employee keys in a price on the cash register lower than the price stated on the price tag. "Free bagging" occurs when a customer presents multiple items for purchase at a cash register and the employee rings up fewer than all of the items, but places all of the items in a bag for the customer to take from the store. "Markdown fraud" occurs when an employee takes an item from the sales floor to a markdown machine, creates a price tag for the item that is lower than the true price of the item, and then purchases the item at the lower price. Defendant admitted to underringing and free bagging $15,000 in merchandise. She further admitted purchasing and selling to other employees $20,000 in merchandise by way of markdown fraud.

STATE v. ROBINSON

[166 N.C. App. 654 (2004)]

Defendant was arrested and charged with one count of embezzlement, and tried before a jury on 11 June 2003. At the charge conference following the conclusion of the evidence, counsel for defendant objected to any jury instruction on embezzlement and argued that larceny by an employee (N.C. Gen. Stat. § 14-74) was the appropriate charge. Defense counsel stated that if the trial court proceeded to instruct the jury on embezzlement that the court should also instruct on the definition of a fiduciary relationship. The trial court instructed the jury in pertinent part as follows:

> Ladies and gentlemen, the defendant Tikelia Robinson has been charged with embezzlement which occurs when a merchandise associate rightfully receives property in her role as merchandise associate and then intentionally, fraudulently and dishonestly uses it for some purpose other than which—other than that for which she received it.
>
> . . . .
>
> Ladies and gentlemen, a fiduciary is a person in whom another person has placed special faith, confidence and trust. Because of the trust and confidence placed in him by another person, a fiduciary is required to act honestly, in good faith, and in the best interests of that person.
>
> A fiduciary relationship may exist in a variety of circumstances. Any time one places special faith, confidence and trust in another person to represent his best interests, a fiduciary relationship exists. It is not necessary that it be a technical or legal relationship.
>
> By law, a fiduciary relationship exists between a merchandise associate and TJ Maxx.

The jury convicted defendant of embezzlement and the trial court sentenced her to a suspended sentence of forty-eight months supervised probation on the condition that she pay an undetermined probation supervision fee, $250 in court costs, a $1000 fine, and $20,000 in restitution. It is from this conviction that defendant appeals.

---

[1] As an initial matter, we note that defendant's brief contains arguments supporting only two of the original four assignments of error on appeal. The omitted assignments of error are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6) (2004). We therefore limit our review to the assignments of error addressed in defendant's brief.

The issues presented on appeal are whether the trial court erred by (I) instructing the jury regarding a fiduciary relationship; and (II) denying defendant's motion to dismiss.

**[2]** Defendant first argues that the trial court erred by instructing the jury that "[b]y law, a fiduciary relationship exists between a merchandise associate and TJ Maxx." Assuming arguendo that the trial court erred in providing the fiduciary instruction, we conclude that the error was not prejudicial to defendant where N.C. Gen. Stat. § 14-90 specifically references "clerks."

The General Statutes of North Carolina provide as follows with respect to embezzlement:

> If any person exercising a public trust or holding a public office, or any guardian, administrator, executor, trustee, or any receiver, *or any other fiduciary*, or any officer or agent of a corporation, *or any agent, consignee, clerk, bailee or servant* . . . shall embezzle or fraudulently or knowingly and willfully misapply or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently or knowingly and willfully misapply or convert to his own use any money, goods or other chattels . . . which shall have come into his possession or under his care, he shall be guilty of a felony.

N.C. Gen. Stat. § 14-90 (2003) (emphasis added).

"The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute." *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E.2d 281, 283 (1972). "Where the statutory language is clear and unambiguous, 'the Court . . . must apply the statute to give effect to the plain and definite meaning of the language.' " *Carolina Power & Light Co. v. City of Asheville*, 158 N.C. 512, 518, —— S.E.2d ——, —— (2004) (quoting *Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993)). The legislature's use of the conjunction "or," used to indicate an alternative, indicates that a person who serves in *any of the capacities described*, and engages in any of the activities described, may be found guilty of embezzlement.

In the present case, Gooding and Cynthia Taylor ("Taylor"), an assistant manager at the store, testified that a merchandise associate is the same as a store clerk. Clearly, clerks are among the group of persons that the legislature intended to cover by the statute. Thus, we conclude that the trial court properly instructed the jury that embez-

STATE v. ROBINSON

[166 N.C. App. 654 (2004)]

zlement can occur "when a merchandise associate rightfully receives property in her role as a merchandise associate and then intentionally, fraudulently and dishonestly uses it for some purpose . . . other than that for which she received it." Therefore, because the State presented sufficient evidence of the remaining elements of the crime, the jury could have found defendant guilty of embezzlement in her non-fiduciary capacity as a store clerk. Accordingly, we conclude that defendant was not prejudiced by the trial court's jury instruction regarding fiduciary relationship.

**[3]** Defendant next argues that the trial court erred by denying defendant's motion to dismiss. We disagree.

In ruling on a motion to dismiss, "the trial court must determine whether there is substantial evidence of each essential element of the offense charged." *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted). When reviewing the evidence, the trial court must consider even incompetent evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

To survive a motion to dismiss a charge of embezzlement, the State must have presented evidence of the following:

> (1) Defendant was the agent of the complainant; (2) pursuant to the terms of his employment he was to receive property of his principal; (3) he received such property in the course of his employment; and (4) knowing it was not his, he either converted it to his own use or fraudulently misapplied it.

*State v. Tedder*, 62 N.C. App. 12, 17, 302 S.E.2d 318, 322, *disc. rev. denied*, 309 N.C 324, 305 S.E.2d 561 (1983) (citing *State v. Ellis*, 33 N.C. App. 667, 236 S.E.2d 299 (1977)). The term "agent" is defined as "one who is authorized to act for or in place of another; a representative." BLACK'S LAW DICTIONARY 68 (8th ed. 2004).

In the present case, the evidence establishes that defendant was an agent of TJ Maxx. Gooding and Taylor testified that TJ Maxx authorized defendant to sell its merchandise to customers. As a merchandise associate or sales clerk authorized to conduct sales transactions on behalf of the company, defendant was an agent of TJ Maxx. Thus, the first element of embezzlement analysis is satisfied.

The evidence also tends to show that pursuant to the terms of defendant's employment, she was to receive, and did receive, property belonging to TJ Maxx. Gooding and Taylor testified that all store employees, including defendant, are entrusted with the merchandise in the store. Thus, the second and third elements of embezzlement analysis are satisfied.

The evidence further demonstrates that defendant knew that the merchandise was not hers, converted it to her own use or fraudulently sold some of the merchandise. In defendant's handwritten confession, as read into evidence by Gooding, defendant confesses the following: "Since my employment at TJ Maxx I have been involved in underringing, free bagging, and markdown fraud;" "I intentionally gave away merchandise about 300 times over a 4 to 5 month period;" "I knew this was wrong and against company policy and against the law." Thus, the fourth element of embezzlement analysis is satisfied.

Because the State provided substantial evidence of each offense charged, we conclude that the trial court properly denied defendant's motion to dismiss.

NO ERROR.

Chief Judge MARTIN and Judge HUDSON concur.