HUNTER, Judge.
Darryl DeWayne Tillman ("defendant") appeals from judgments dated 29 May 2003 entered consistent with a jury verdict finding him guilty of felonious larceny and a plea of guilty to habitual felon status. Defendant was also found guilty of possession of a stolen vehicle, however judgment was arrested as to that charge. For the reasons stated herein, we find no error.
The evidence presented at trial tends to show that on 24 July 2001, a man identifying himself as "Tim" inquired about a Saturn automobile for sale at the A to Z Auto Sales lot from salesman Fransisco Irizarry ("Irizarry"). As the car would not start, Irizarry asked the man, whom he later identified as defendant, to return the following day. On 25 July 2001, defendant returned andIrizarry jump-started the vehicle, then left to put away the equipment. In Irizarry's absence, defendant drove off in the Saturn and did not return. Defendant did not pay for the vehicle. On both occasions, Irizarry spent more than twenty minutes with defendant.
On 10 August 2001, an officer discovered incorrect tags on a Saturn automobile and stopped the vehicle, which was identified as the stolen Saturn. The driver, defendant, produced a North Carolina identification card, but had no license or registration. Defendant told the officer he had borrowed the vehicle in order to take one of the two female occupants in the car to the hospital for emergency treatment.
Defendant was taken into custody and waived his Miranda rights, giving an oral statement that he had borrowed the car from another individual. Defendant then refused to answer further questions and the interview was concluded.
After recovery of the vehicle on 10 August 2001, a detective showed a photographic lineup which included defendant to Irizarry. Irizarry identified defendant from the lineup as the individual who had inquired about and later driven off in the Saturn.
At trial, defendant testified that he borrowed the vehicle from a man he had recently met, who he knew only as Tim. Defendant denied taking the vehicle from A to Z Auto Sales and denied knowing the Saturn was stolen.
Defendant was charged with felonious larceny of an automobile and possession of a stolen vehicle and was convicted of bothoffenses. Defendant also pled guilty to habitual felon status. The trial court arrested judgment on the felony of possession of a stolen vehicle, and defendant was sentenced on the remaining charges to a term of 122 to 156 months. Defendant appeals.
I.
By his first assignment of error, defendant contends that the trial court erred in denying a motion to dismiss for a fatal variance between the allegations of ownership in the indictment and the proof of ownership at trial. We disagree.
"An indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective." State v. Roberts, 14 N.C. App. 648, 649, 188 S.E.2d 610, 611 (1972). "'If the property alleged to have been stolen . . . is the property of a corporation, the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation.'" State v. Thornton, 251 N.C. 658, 662, 111 S.E.2d 901, 903 (1960) (quoting Nickles v. State, 86 Ga. App. 290, 290, 71 S.E.2d 578, 579 (1952)).
Here, the indictment alleged the owner of the stolen automobile was "A to Z Auto Sale, L.L.C." Such an identification sufficiently indicated the owner was a legal entity capable of owning property. See N.C. Gen. Stat. § 55D-20(a)(2) (2003) (requiring the name of a limited liability company to contain the words "limited liability company" or the abbreviation "L.L.C."). "A variance will not be deemed fatal where there is no controversy as to who in fact was the true owner of the property." State v. Ellis, 33 N.C. App. 667, 669, 236 S.E.2d 299, 301 (1977). In Ellis, an indictment placed ownership of embezzled funds in the "'Provident Finance Company,'" but evidence at trial placed ownership of the funds in the "'Provident Finance Company of Henderson, Inc.'" Id. at 668, 236 S.E.2d at 301. The Ellis Court found the variance was not so material as to be fatal, as the defendant was adequately informed of the corporation which was the accuser and victim. Id. at 669, 236 S.E.2d at 301.
Further, numerous North Carolina appellate cases have found that minor corporate name discrepancies are not fatal variances when no prejudice arises. See, e.g., State v. Wilson and State v. Poole, 264 N.C. 595, 142 S.E.2d 180 (1965) (finding no error when the indictment referred to the property owner as "B.M. Hancock & Son, a corporation" and evidence at trial referred to the corporation as "B. M. Hancock & Son's Feed Mill, Inc.," "B. M. Hancock & Son, Inc.," "B. M. Hancock & Son's," and "B. M. Hancock's Feed Mill"), State v. Morris, 156 N.C. App. 335, 576 S.E.2d 391 (2003) (finding no error when the indictment referred to employer as "AAA Gas and Appliance Company, Inc." and evidence at trial referred to the corporation as "AAA Gas and Appliance Company," "AAA Gas," or "AAA").
In this case, at trial, a financing contract for the vehicle was offered as proof of ownership that the property belonged to "A to Z Auto, LLC. d.b.a A to Z Auto Sale," rather than "A to Z AutoSale, L.L.C." Testimony offered by Irizarry and Ziad Nasrallah, owner and manager of A to Z Auto Sales, also identified the car as belonging to "A to Z Auto Sales" and "A to Z Auto Sale, LLC." Defendant fails to show how the slight variance in the victim's corporate name created prejudice to defendant. Therefore the trial court did not err in denying the motion to dismiss on these grounds.
II.
By his next assignment of error, defendant contends the trial court erred in denying defendant's motion to suppress evidence from the photographic line-up. We disagree.
A motion to suppress evidence must be made prior to trial in superior court when a defendant is given reasonable opportunity to do so. See N.C. Gen. Stat. § 15A-975(a) (2003). When no exception to the statute applies, failure to make a timely motion to suppress is a waiver of any right to challenge the admissibility of such evidence on constitutional grounds. See State v. Maccia, 311 N.C. 222, 228, 316 S.E.2d 241, 244 (1984).
Here, defendant was provided with copies of the photographic lineup during the discovery procedure, but made no motion to suppress such evidence until the time of trial. Defendant therefore waived his right to contest the admissibility of the lineup on the grounds that it was unreasonably suggestive.
However even if considered on the merits, defendant's claim fails to demonstrate that the photographic identification was unduly suggestive and therefore a violation of due process. "Whether an identification procedure is unduly suggestive depends on the totality of the circumstances." State v. Rogers, 355 N.C. 420, 432, 562 S.E.2d 859, 868 (2002). Pertinent aspects of the array, such as similarity of appearance and attributes which tend to focus the attention of the witness on a particular person therein, are factors considered in determining whether the identification procedures are impermissibly suggestive. Id. Where the defendant fails to show that the procedures were impermissibly suggestive, the trial court need not exclude the evidence. See State v. Smith, 134 N.C. App. 123, 127, 516 S.E.2d 902, 905 (1999).
Here, defendant contends the identification procedure was unduly suggestive due to the degree of glare in each photograph. A careful review of the line-up reveals photographs of six African-American males of similar age, complexion and appearance. Four of the males were attired in dark shirts, one a white shirt and one, the defendant, wore a patterned shirt. All of the photographs had similar backgrounds and some degree of light glare and none of the men appeared particularly distinctive in comparison with the others. Thus, as the lineup was not unduly suggestive based on the totality of the circumstances, the motion to suppress the evidence was properly dismissed.
III.
Defendant contends ineffective assistance of counsel in his next assignment of error, based on defense counsel's failure to object to the admission of certain evidence. As the recordestablishes sufficient facts to show that such failure to object did not constitute ineffective assistance of counsel, we disagree.
In order to reverse a conviction on the basis of ineffective assistance of counsel, a defendant must show that counsel's conduct fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693 (1984). Defendant must show first that counsel's performance was deficient, and second that the deficient performance prejudiced the defendant in a manner so serious as to deprive the defendant of a fair trial. Id. at 687, 80 L. Ed. 2d at 693.
Defendant offers three instances of conduct falling below an objective standard of reasonableness which deprived him of a fair trial. First, defendant argues counsel's failure to object to hearsay testimony as to a damage estimate given by Irizarry of the vehicle's condition on recovery was deficient. Defendant contends that without this testimony, the State would have been unable to establish the value of the property.
The failure to exclude such evidence, even if hearsay, was not prejudicial to defendant, as the value of the vehicle was established through testimony by both the salesman and owner as to the retail selling value of the automobile. See State v. Williams, 65 N.C. App. 373, 375, 309 S.E.2d 266, 267 (1983) (holding evidence of retail selling price offered by merchant to establish value sufficient to survive motion to dismiss). Irizarry testified that the sales price of the vehicle was $4,995.00, sufficient evidence to establish the value of the vehicle as more than the one thousanddollar minimum for felonious larceny of an automobile under N.C. Gen. Stat. § 14-72(a) (2003).
Defendant next contends counsel was deficient in failing to object to hearsay testimony by the arresting officer as to the lack of medical complaints by the passengers in the vehicle driven by defendant. Defendant argues such testimony was used to substantiate the knowledge requirement of the possession of stolen vehicle charge and identity for the felonious larceny charge.
The failure to exclude such evidence, even if hearsay, was not prejudicial as testimony and identification of defendant by Irizarry offered sufficient independent evidence of defendant's knowledge and identity. Defendant's argument is unconvincing that admission of such testimony was so serious an error as to deprive defendant of a fair trial.
Finally defendant contends counsel was deficient in failing to object to testimony that defendant stopped police interrogation and refused to answer further questions, as this infringed on defendant's constitutional rights against self-incrimination.
During a custodial interrogation, the accused has the right "at any time prior to or during questioning [to] indicate[] that he wishes to stop answering questions or to consult with an attorney before speaking further, [and] the interrogation must cease." State v. Riddick, 291 N.C. 399, 408, 230 S.E.2d 506, 512 (1976). While admission of evidence that defendant chose to exercise his constitutional rights may not be used against him at trial, such a violation will not warrant a new trial if the error is foundharmless beyond a reasonable doubt. See N.C. Gen. Stat. § 15A-1443(b) (2003). Such a mention of termination of the interview by defendant in testimony of a chronological nature is not prejudicial error unless the State further emphasizes the testimony with additional questions or comments. See State v. Elmore, 337 N.C. 789, 792-93, 448 S.E.2d 501, 502-03 (1994). As the State did not cross-examine defendant with regards to the termination, nor reference the incident in closing arguments, such an admission is de minimis and harmless beyond a reasonable doubt.
Defendant fails to show that counsel's performance prejudiced the defendant in a manner so serious as to deprive the defendant of a fair trial. We therefore find no ineffective assistance of counsel.
IV.
Defendant, by his final assignment of error, argues that the trial court lacked jurisdiction to sentence defendant as a habitual felon. We disagree.
Defendant contends that one of the three felonies alleged as the basis for the habitual felony indictment, possession of cocaine, is defined by statute as a Class 1 misdemeanor and not a felony, based on the holding of State v. Jones, 161 N.C. App. 60, 67, 588 S.E.2d 5, 11 (2003) (holding that the plain language of the statute stated possession of cocaine was a misdemeanor punishable as a felony and therefore could not be used to support a habitual felon indictment), rev'd, State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004). Our Supreme Court has since reversed this decision, holding that possession of cocaine is a felony which can serve as an underlying felony to a habitual felon indictment. See Jones, 358 N.C. at 476, 598 S.E.2d at 127. Therefore the trial court had jurisdiction to sentence defendant as to the habitual felon indictment.
No error.
Judges TIMMONS-GOODSON and McCULLOUGH concur.
Report per Rule 30(e).