STROUD, Judge.
 

 *691
 
 Defendant appeals her two convictions for embezzlement. Defendant's sole argument on appeal is that her motion to dismiss the embezzlement charges should have been granted because her employer had not entrusted her with the funds since the employer's bank required two employees jointly to use a security measure provided by the bank to issue checks. Because the evidence showed that defendant's employer had entrusted defendant with both security devices, despite the bank's intention to require participation by two employees, the trial court did not err in denying her motion.
 

 *692
 
 I. Background
 

 The State's evidence showed that defendant was the director of accounting for North Carolina A&T University Foundation, Inc. ("the Foundation"). After a check did not timely clear, other employees in the Foundation began to investigate financial discrepancies. During the investigation, defendant admitted both to other employees and law enforcement that she had transferred money from the Foundation's account into her personal account. The total amount transferred to defendant was $402,402.99. Defendant was tried by a jury, convicted of two counts of embezzlement and one count of corporate malfeasance, and sentenced by the trial court. Defendant appeals.
 

 II. Motion to Dismiss
 

 Defendant makes only one argument on appeal,
 
 [1]
 
 contending her motion to dismiss the embezzlement charges should have been allowed "because embezzlement requires the accused to have been entrusted with the property taken and the State's evidence showed that [defendant] took the funds by using her supervisor's security device without permission[.]" (Original in all caps).
 

 The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.
 

 State v. Johnson
 
 ,
 
 203 N.C. App. 718
 
 , 724,
 
 693 S.E.2d 145
 
 , 148 (2010) (citations and quotation marks omitted).
 

 N.C. Gen. Stat. § 14-90
 
 defines the offense of embezzlement and requires the State to present proof of the following essential elements: (1) that the defendant, being more than 16 years of age, acted as an agent or fiduciary for his principal, (2) that he received money or valuable
 
 *693
 
 property of his principal in the course of his employment and by virtue of his fiduciary relationship, and (3) that he fraudulently
 
 *245
 
 or knowingly misapplied or converted to his own use such money or valuable property of his principal which he had received in his fiduciary capacity.
 

 State v. Rupe
 
 ,
 
 109 N.C. App. 601
 
 , 608,
 
 428 S.E.2d 480
 
 , 485 (1993) ;
 
 see also
 

 N.C. Gen. Stat. § 14-90
 
 (2017) ;
 
 State v. Robinson
 
 ,
 
 166 N.C. App. 654
 
 , 658,
 
 603 S.E.2d 345
 
 , 347 (2004) ("To survive a motion to dismiss a charge of embezzlement, the State must have presented evidence of the following: (1) Defendant was the agent of the complainant; (2) pursuant to the terms of his employment he was to receive property of his principal; (3) he received such property in the course of his employment; and (4) knowing it was not his, he either converted it to his own use or fraudulently misapplied it." (citation and quotation marks omitted) ).
 

 Defendant's only argument on appeal is that she was not entrusted with the funds in the course of her employment.
 
 See generally
 

 Rupe
 
 ,
 
 109 N.C. App. at 608
 
 ,
 
 428 S.E.2d at 485
 

 .
 
 To access the funds, the employer's bank required defendant to use both her own security device, which they referred to as a "key fob," along with her supervisor's key fob. The bank issued the key fobs to each employee individually, so defendant contends "[n]either the funds nor the key fob was entrusted to [defendant]. Without the property having been entrusted, embezzlement did not occur."
 

 Defendant compares her case to
 
 State v. Weaver
 
 ,
 
 359 N.C. 246
 
 ,
 
 607 S.E.2d 599
 
 (2005). In
 
 Weaver
 
 , our Supreme Court reversed an embezzlement conviction where the defendant-employee took a company signature stamp without her employer's knowledge or permission and used it to write checks to herself:
 

 The dispositive issue presented for review on direct appeal is whether the lawful possession or control element of the crime of embezzlement was satisfied when an administrative employee took a corporate signature stamp without permission and wrote unauthorized corporate checks, thereby misappropriating funds from her employer. That employee's misappropriation is the basis of defendant's convictions for aiding and abetting embezzlement and conspiracy to embezzle. We conclude that the employee did not lawfully possess or control the misappropriated funds and therefore affirm the decision of the Court of Appeals which reversed defendant's convictions.
 

 *694
 

 359 N.C. at 247
 
 ,
 
 607 S.E.2d at 599
 
 . Defendant argues a key fob is the modern-day equivalent of a signature stamp, so the State did not meet the elements of embezzlement.
 
 See
 
 id.
 

 However, the facts of
 
 Weaver
 
 are different from this case, because the employer in
 
 Weaver
 
 had not authorized the defendant to write checks or to use the signature stamp.
 

 Id.
 

 The Court in
 
 Weaver
 
 explained,
 

 In the instant case, it is undisputed that [defendant] had no independent authority to write checks from R & D accounts or to use Shirley Weaver's signature stamp. In fact, both [defendant] and Shirley Weaver testified that direct authorization from Shirley was required before [defendant] wrote each individual check. Although the record is unclear as to the exact location of each check used to misappropriate the company funds, the record indicates that the signature stamp was kept in a desk drawer in Shirley Weaver's office and that [defendant] could not access this stamp without Shirley Weaver's direct permission. While [defendant] had access to the checks and signature stamp by virtue of her status as an employee at R & D and International Color, we cannot say, based on these facts, that [defendant's] possession of this property was lawful nor are we persuaded that this property was under [defendant's] care and control as required by N.C.G.S. § 14-90. Because [defendant] never lawfully "possessed" the misappropriated funds and because the funds were not "under [her] care" we conclude that [defendant] did not commit the crime of embezzlement as defined in N.C.G.S. § 14-90.
 

 Weaver
 
 ,
 
 359 N.C. at 256
 
 ,
 
 607 S.E.2d at 605
 
 (emphasis omitted);
 
 see also
 

 State v. Palmer
 
 ,
 
 175 N.C. App. 208
 
 , 213,
 
 622 S.E.2d 676
 
 , 680 (2005) ("In this case, like in
 
 Keyes
 
 and
 
 Weaver
 
 , Defendant never took lawful possession of the incoming checks, nor was she entrusted
 
 *246
 
 with the checks by virtue of a fiduciary capacity." (emphasis omitted) ).
 

 Defendant ignores the fact that here, unlike in
 
 Weaver
 
 ,
 
 Palmer
 
 , and
 
 Keyes
 
 -all cases she cited-her employer, the Foundation,
 
 entrusted
 
 her with both its funds and both key fobs, even if the bank intended otherwise.
 
 Cf.
 

 Weaver
 
 ,
 
 359 N.C. at 256
 
 ,
 
 607 S.E.2d at
 
 605 ;
 
 Palmer
 
 ,
 
 175 N.C. App. at 213
 
 ,
 
 622 S.E.2d at
 
 680 ;
 
 State v. Keyes
 
 ,
 
 64 N.C. App. 529
 
 , 532,
 
 307 S.E.2d 820
 
 , 823 (1983) ("Here, [neither defendant] received, took lawful possession of, or were entrusted with components by virtue of
 
 *695
 
 a fiduciary capacity."). Defendant had "lawful possession or control" of both her own key fob and her supervisor's key fob. Defendant kept both fobs during the course of her employment as the director of accounting from approximately 2008 to 2014 and she routinely wrote checks using both fobs.
 
 [2]
 
 Although the
 
 bank
 
 intended for two employees to participate in each transaction as a security measure, the Foundation did not require its employees to use the key fobs as the bank intended. Instead, the Foundation "entrusted" the entire process to defendant. The former executive director of the Foundation testified that defendant's duties included "[p]rocessing checks and depositing them and overseeing finances and payroll and things like that." Defendant's supervisor was also entrusted with the funds and there was a dual security measure in place, but the evidence showed that the Foundation had entrusted defendant with such funds; exclusivity of the entrustment is not an element of the crime.
 
 See
 

 N.C. Gen. Stat. § 14-90
 
 . Therefore, the trial court did not err in denying defendant's motion to dismiss. This argument is overruled.
 

 III. Conclusion
 

 We conclude there was no error.
 

 NO ERROR.
 

 Judges ZACHARY and MURPHY concur.
 

 [1]
 

 Defendant does not contest her conviction for corporate malfeasance.
 

 [2]
 

 The evidence does not show the exact dates the Foundation opened the relevant bank accounts or when the bank issued the key fobs, but it does tend to show the Foundation allowed defendant to handle financial transactions in this manner for an extended time period prior to 2011 and 2014, when transactions for which defendant was charged with embezzlement occurred.